ALLGEMEINER ARBEITER VEREIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51038.   Filed November 30, 1955.

*Norbert J. Heubusch, Esq.*, for the petitioner.
*Stanley W. Herzfeld, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* Section 101 of the Internal Revenue Code of 1939 reads in part as follows:

SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS.

Except as provided in paragraph (12) (B) and in Supplement U, the following organizations shall be exempt from taxation under this chapter—

\* \* \* \* \* \*

(9) Clubs organized and operated exclusively for pleasure, recreation, and other nonprofitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder;

(10) Benevolent life insurance associations of a purely local character, mutual ditch or irrigation companies, mutual or cooperative telephone companies, or like organizations; but only if 85 per centum or more of the income consists of amounts collected from members for the sole purpose of meeting losses and expenses.

Petitioner argues that the activities surrounding the House Account are exempt under section 101 (9) and those surrounding the Beneficial Account are exempt under section 101 (10). Therefore, it argues, since each of the two principal functions carried on by petitioner, taken separately, is a function which qualifies for an exemption, petitioner should be held in its entirety to be exempt. We are of the opinion that in making such argument petitioner has misconceived the nature of the privilege granted by section 101.

Section 101, unlike section 22 (b), does not exclude from the reach of the Federal income tax any particular type of *income*, but rather exempts *organizations*, which would normally be taxpaying entities, from the necessity of paying tax upon items that otherwise would constitute taxable income. Cf. *Scofield* v. *Corpus Christi Golf & Country Club*, 127 F. 2d 452, 454 (C. A. 5). In order to succeed in this proceeding petitioner must show not that any part of its income is exempt from tax because of the nature of that income, but that whatever the nature of any particular item of income, no tax is due thereon,

because petitioner itself as an entity is exempt from the duty of paying income taxes. Petitioner must show that it is wholly within some provision of section 101 granting such exemption. The sources of petitioner's receipts are relevant only as an incident to this main issue, and have no independent significance.

If in fact we had here two separate organizations, each carrying on one of petitioner's two principal functions, we might well hold that one such organization is exempt as a social club under section 101 (9) and the other as an organization within the scope of section 101 (10). In fact, however, there was only one organization, this petitioner, which carried on both functions. There is no statutory authority, whatever the equities, permitting the exemption of an organization, however worthy, which cannot fit itself within one of the various subdivisions of section 101. Petitioner cannot successfully seek an exemption as though it were two separate entities. It is either exempt as a unit, without a splitting of itself in half, or it is not exempt.

Petitioner is not exempt under section 101 (9) because the activities represented by the Beneficial Account prevent it from being a club operated "exclusively for pleasure, recreation, and other nonprofitable purposes." "Other nonprofitable purposes" means purposes of the same general character as pleasure and recreation. Cf. *Chattanooga Automobile Club* v. *Commissioner*, 182 F. 2d 551 (C. A. 6) ; *Allied Trades Club, Inc.*, 23 T. C. 1017.

Nor can petitioner satisfy the requirements of section 101 (10). It was only partially engaged in such activity as is therein contemplated and it clearly appears from the record that less than 85 per centum of its income in 1948 consisted of amounts collected from members for the sole purpose of meeting losses and expenses connected with its beneficial or insurance activity.

Thus, petitioner is not an exempt organization under the provisions of section 101 (9), nor does it qualify for exemption under section 101 (10). In fact, counsel for petitioner does not seriously urge that petitioner falls wholly within either of the above two provisions. It is contended instead that, since of its two functions either alone would qualify an organization for exemption, the "whole is equal to the sum of its parts," and petitioner should therefore be held to be a tax-exempt entity. Tempting as it is to accept this argument we cannot do so because the result would do violence to the statute. The remedy, if any, must lie with Congress, and not in a tortured judicial application of the statute, however worthy the objective. The statute plainly sets forth various separate grounds for exemption. Petitioner must qualify under one of the paragraphs of section 101 in order to prevail. As an entity, it does not qualify under paragraph (9), nor does it satisfy the requirements of paragraph (10). There is nothing in the statute permitting the taxpayer to fragmentize itself and gain exemp-

tion piecemeal. It either falls within one of the exemption paragraphs or it does not; and on the record before us we cannot hold that it satisfies the requirements of either (9) or (10), the only two paragraphs upon which it relies. Perhaps Congress had its own reasons for demanding compliance in full with the requirements of one of the paragraphs. In any event, that is the way the statute is written, and if a different result is to be reached the statute should be amended.

*Decision will be entered for the respondent.*