**ALLIED TRADES CLUB, Inc.**

v.

**COMMISSIONER OF INTERNAL**
**REVENUE.**

No. 11687.

United States Court of Appeals
Third Circuit.

Argued Dec. 8, 1955.

Decided Jan. 3, 1956.

the net earnings of which inures to the benefit of any private shareholder." Petitioner club meticulously fulfils the Code requirements except that it operates a small members death benefit fund which was commenced by a transfer of $500 from its general funds and for which a fourth of dues paid is set aside. Though nonprofitable, the purpose of the fund is not for " 'pleasure [or] recreation' " *or similar purpose* as the language " 'and other nonprofitable purposes' " has been construed by this court. Keystone Automobile Club v. Commissioner, 3 Cir., 1950, 181 F.2d 402, 403.[1] We are bound by that decision and therefore the decision of the Tax Court will be affirmed.

Samuel M. Baker, Erie, Pa. (English, Gilson, Baker & Bowler, Erie, Pa., on the brief), for appellant.

Davis W. Morton, Jr., Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky, George F. Lynch, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

The Tax Court held that petitioner club cannot be exempted from taxation under Section 101(9) of the Internal Revenue Code of 1939, 26 U.S.C. § 101 (9), as a club "organized and operated exclusively for pleasure, recreation, and other nonprofitable purposes, no part of

---

1. See also Chattanooga Automobile Club v. Commissioner, 6 Cir., 1950, 182 F.2d 551.