**ALLGEMEINER ARBEITER VEREIN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 11895.**

United States Court of Appeals Third Circuit.

Argued Sept. 27, 1956.

Decided Oct. 15, 1956.

Robert Ash, Washington, D. C. (Norbert J. Heubusch, Washington, D. C., on the brief), for petitioner.

Charles B. E. Freeman, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

PER CURIAM.

The question presented is a very narrow one. The taxpayer corporation was organized for the purpose of providing mutual assistance in the case of sickness or death of its members but in 1948 it not only provided sickness and death benefits but also engaged in extensive social activities. We conclude, as did the Tax Court, that the taxpayer is not entitled to tax exemption for the year 1948 under subparagraphs (9) or (10) of Section 101 of the Internal Revenue Code of 1939. 26 U.S.C. § 101(9, 10).

The taxpayer fails to meet the requirements of Section 101(9) because it was not organized and operated *exclusively* for pleasure, recreation, or other nonprofitable purposes. It is in substantially the same position as was the taxpayer in Allied Trades Club, Inc., v. Commissioner, 3 Cir., 1956, 228 F.2d 906. The taxpayer also fails to meet the requirements of Section 101(10) because it has not shown that at least 85% of its income in 1948 consisted of amounts collected from members for the sole purpose of meeting losses and expenses connected with its benefit account.

Accordingly, the decision of the Tax Court will be affirmed.