*Decision will be entered under Rule 50.*

ESTATE OF ALLEN L. WEISBERGER, DECEASED, JOSEPH THOMAS, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57673.    Filed November 14, 1957.

*William T. Walker, Esq.*, for the petitioner.
*L. Robert Leisner, Esq.*, for the respondent.

FORRESTER, *Judge:* Respondent has determined a deficiency in estate tax of the petitioner in the amount of $33,151.25. The issues are (1) whether respondent erred in disallowing the marital deduction in respect of a trust created by decedent's will, and (2) whether respondent erred in disallowing a credit for State inheritance tax paid, a part of which may eventually be recovered.

### FINDINGS OF FACT.

The stipulation of facts filed by the parties is incorporated by this reference as a part of our findings.

Petitioner is the Estate of Allen L. Weisberger, who died testate on November 13, 1952, a resident of the State of Ohio. He was survived by his widow and two sons, 20 and 15 years of age, respectively. The Federal estate tax return for his estate was filed on February 9, 1954, with the director of internal revenue for the district of Ohio.

Decedent's last will and testament was duly admitted to probate by the Probate Court of Summit County, Ohio, and has not been contested, set aside, or nullified. Joseph Thomas is the duly appointed, qualified, and acting executor of the estate. The notice of deficiency herein was mailed on March 11, 1955.

### *Issue 1. Marital Deduction.*

Under the last will and testament, the residuary estate was placed in trust, and was to be divided into two parts. The relevant provisions of the will read in part as follows:

*Item II:* All the rest and residue of the property of which I die seized of every character, or over which I have the right of testamentary disposition, I give, devise and bequeath as follows:

\*  \*  \*  \*  \*  \*  \*

(b) Upon receipt of the principal of the estate the same shall if possible be divided into two parts. One thereof will hereinafter for convenience be referred to as Trust No. 1, is intended for the ultimate benefit of my wife and the assets thereof shall be of a value equal to one-third of the value of the entire trust fund, \* \* \*

(c) Upon the death of my said wife all which shall remain of Trust No. 1 shall be subject to the absolute right of my said wife to appoint the recepients [*sic*] and beneficiaries thereof or if she shall so elect by appointment to provide that said residue pass to her own estate, and the same shall be paid to such person or persons as my wife by Last Will and Testament may appoint. However, in default of such appointment then the remainder of Trust No. 1 shall become a part of Trust No. 2 and subject to all of the provisions of this Will with respect to Trust No. 2.

(d) Quarter-annually, or oftener, during her lifetime my said wife shall receive the entire net income of both of said trusts except that either of my sons who shall have attained the age of eighteen years shall be entitled to receive so much out of the income as in the uncontrolled discretion of the Trustee will, together with other income available to said son, reasonably provide for the maintenance and education of said son, and before being under any obligation to pay income for the benefit of either of said sons the Trustee then acting shall be entitled from or on behalf of said sons to receive full information as to all other income available to said son.

Trust No. 2 consisted of the remaining two-thirds of the residuary estate, and was not subject to a power of appointment exercisable by the widow.

In 1935, by agreement of trust between herself and decedent, decedent's mother created a trust (hereinafter called the inter vivos trust), which was modified in 1940. All income was payable to the settlor for life, then to decedent for life, and thereafter in equal shares to decedent's sons. A son under 21 years of age would receive only that part of his share necessary for his support, education, and benefit, any balance to be accumulated.

The assets of the inter vivos trust included business real estate, which during the years 1953 to 1956, inclusive, earned and incurred the following gross rentals and operating expenses:

| Year | Gross rentals | Operating expenses |
|------|---------------|--------------------|
| 1953 | $36,921.30 | $5,911.65 |
| 1954 | 33,099.50 | 10,112.69 |
| 1955 | 25,686.36 | 8,019.96 |
| 1956 | 23,061.08 | 7,705.91 |

Decedent's mother died on March 12, 1943. Since the death of decedent in 1952, substantial amounts of income from the *inter vivos* trust have been paid to decedent's sons.

Respondent has disallowed the value of the corpus of trust No. 1 as part of the marital deduction.

### Issue 2. State Tax Credit.

On August 5, 1954, petitioner paid to the State of Ohio inheritance tax in the amount of $6,710.41, in respect of property included in decedent's gross estate. The amount of $3,677.22 was paid under a so-called permanent order, and the balance of $3,033.19 under a so-called temporary order. When the ultimate successions to the estate are determined, the estate may receive a refund of part of the amount paid under the temporary order.

Respondent has determined that no part of the amount paid under the temporary order qualifies for the credit for State inheritance tax paid.

OPINION.

*Issue 1.*

The controlling provision here is section 812 (e) (1) (F) of the Internal Revenue Code of 1939.[1] The sole question with respect to its applicability is whether the surviving widow was "entitled for life to all the income" of trust No. 1.

Item II (d) of the will expressly provides that the decedent's sons may receive all or part of the income earned by the assets constituting the residuary estate, including that part of such income attributable to the corpus of trust No. 1, although the widow may still be living, should any such payment "in the uncontrolled discretion of the Trustee" be necessary to reasonably provide for their maintenance or education.

Deductions are a matter of legislative grace, and the taxpayer seeking the benefit of a deduction must show that every condition which Congress has seen fit to impose has been fully satisfied. Cf. *Deputy* v. *du Pont*, 308 U. S. 488, 493; *New Colonial Co.* v. *Helvering*, 292 U. S. 435, 440. It is not enough that such conditions are nearly met, or that a potentiality inconsistent with the legislative mandate is unlikely to actually become operative. The taxpayer may not haggle with Congress; he either fits squarely within the statute in every particular or the deduction is unavailable. Cf. *White* v. *United States*, 305 U. S. 281, 292; *City Ice Delivery Co.* v. *United States*, (C. A. 4) 176 F. 2d 347, 350. See, also, *Allgemeiner Arbeiter Verein*, 25 T. C. 371, affd. (C. A. 3) 237 F. 2d 604 (exemption statute). And we know of no rule by which the foregoing doctrine is any less applicable to

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*     \*     \*     \*     \*     \*     \*

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

    (1) ALLOWANCE OF MARITAL DEDUCTION.—

\*     \*     \*     \*     \*     \*     \*

    (F) Trust with Power of Appointment in Surviving Spouse.—In the case of an interest in property passing from the decedent in trust, if under the terms of the trust his surviving spouse is entitled for life to all the income from the corpus of the trust, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire corpus free of the trust (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse—

        (i) the interest so passing shall, for the purposes of subparagraph (A), be considered as passing to the surviving spouse, and

        (ii) no part of the interest so passing shall, for the purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse. This subparagraph shall be applicable only if, under the terms of the trust, such power in the surviving spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

the estate tax than to the income tax. *Estate of Harrison P. Shedd*, 23 T. C. 41, 46, affd. (C. A. 9) 237 F. 2d 345, 357, certiorari denied 352 U. S. 1024; *Estate of Raymond Parks Wheeler*, 26 T. C. 466.

The benefits of section 812 (e) (1) (F) are available only if, among other requirements, the surviving spouse is "entitled for life to all the income" of the trust. The committee report accompanying the Revenue Act of 1948, which introduced that provision into the law (S. Rept. No. 1013, Part 2, 80th Cong., 2d Sess.), states that it was intended to apply only where "the surviving spouse, by reason of her right to the income and a power of appointment, is the virtual owner of the property." After using the foregoing language, the report continues, at page 16, as follows:

In order for the interest * * * to qualify * * * under subparagraph (F), the following conditions must be met:

   \*       \*      \*      \*      \*      \*      \*

(2) Under the terms of the trust the surviving spouse must be entitled for her life to all the income from the corpus of the trust. * * * If any person other than the surviving spouse is entitled to any part of the income from the corpus of the trust during the life of such surviving spouse * * * the trust does not qualify.

The foregoing satisfies us that in speaking of a surviving spouse "entitled for life to all the income," Congress had in mind an absolute, unqualified right to income, and did not intend the statute to apply where all or part of such income may be diverted to others upon stated contingencies or at the discretion of a trustee. One whose right to income is subject to any such infirmity is not, as required by Congress, the "virtual owner" of the property.

Under the express terms of the decedent's will, his sons were entitled to receive from the residuary estate, including that part constituting trust No. 1, even though the widow might still be living, that part of the income which in the discretion of the trustees should prove necessary, together with other available income, to reasonably provide for their maintenance and education. To be sure, all other available sources of income must be first accounted for, and the circumstances at the date of decedent's death were such as to render it unlikely that income of trust No. 1 would or will ever have to be diverted. This, however, is not enough. Cf. *Estate of Frank E. Tingley*, 22 T. C. 402, affirmed sub nom. *Starrett* v. *Commissioner*, (C. A. 1) 223 F. 2d 163; *Estate of Harrison P. Shedd, supra*.

We cannot even now say with certainty that no diversion of income to the sons will ever occur, and this uncertainty was at least as great at the time of decedent's death in 1952. Trust No. 1 either did or did not satisfy section 812 (e) (1) (F) at the time of the relevant transaction, here the death of decedent, which effectuated the terms of his will. Absent express statutory provision, deductibility of the bequest in controversy cannot hang suspended pending

later events.  Cf. *Rose Packing Co.*, 28 T. C. 1028; *George W. Perkins*, 27 T. C. 601, 606.

In cases dealing with charitable and like deductions under section 812 (d) of the Internal Revenue Code of 1939,[2] a bare possibility that the bequest may be defeated, so remote as to be negligible, will not prevent the deduction. *Merchants Bank* v. *Commissioner*, 320 U. S. 256; *Ithaca Trust Co.* v. *United States*, 279 U. S. 151. The rule is applied strictly, however, and requires a strong showing that the possibility is indeed so remote. Cf. *Henslee* v. *Union Planters Bank*, 335 U. S. 595; *Newton Trust Co.* v. *Commissioner*, (C. A. 1) 160 F. 2d 175.

Petitioner, by seeking to characterize the qualification to the income rights of the widow as "insubstantial," seems to contend that section 812 (d) and (e) (1) (F) should be treated as analogous, and that the foregoing rule should be applied here. Although it is superficially attractive, we do not view that contention as tenable.

Section 812 (d) provides a deduction for the "amount," i. e., value, of charitable and like bequests. If any part of section 812 (e) is analogous thereto, it can be only 812 (e) (1) (A), which similarly provides a deduction for the "amount" of certain transfers. Section 812 (e) (1) (F) operates on an entirely different level.

Section 812 (e) (1) (B) denies the deduction provided in (A) if the interest is terminable in nature, no matter how remote the possibility of defeasance. Section 812 (e) (1) (F) provides an exception to that denial if certain conditions are met, despite the terminable nature of the interest. Thus, unlike 812 (d) and (e) (1) (A), section 812 (e) (1) (F) creates no deduction, nor does it state an amount or value which may be deducted. It merely makes inoperative an otherwise applicable bar to a deduction under 812 (e) (1) (A). If the conditions of 812 (e) (1) (F) are not fully met, then 812 (e) (1) (B) still remains to bar the deduction, despite the virtual certainty of full enjoyment of the gift by the surviving spouse.

Stated otherwise, section 812 (e) (1) (F) *defines* one type of interest in property deductible under section 812 (e) (1) (A), while that portion of section 812 (d) which gave rise to the "remoteness" rule here urged by the petitioner, sets forth the *extent* to which charitable, etc., donations, elsewhere defined, may be deducted.

---

[2] SEC 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

*     *     *     *     *     *     *

(d) Transfers for Public, Charitable, and Religious Uses.—The amount of all bequests, * * * to or for the use of [certain political bodies], for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * *

In any event, the record falls far short of establishing that the possibility of diversion of income to the sons is so remote as to be negligible, and even if the "remoteness" rule were applicable, we would have to reach the same result because of failure by petitioner to sustain its burden of proof.

It was not certain on November 13, 1952, when decedent died, that the widow would in fact receive all the income of trust No. 1 during her lifetime. That uncertainty is fatal to petitioner's case. By the express terms of the will, trust No. 1 is incapable of qualifying for the marital deduction under section 812 (e) (1) (F) and we so hold.

*Issue 2.*

Petitioner paid to the State of Ohio the amount of $6,710.41 on account of the inheritance tax imposed by that State. Of that amount, $3,677.22 was paid under permanent order, pursuant to one provision of State law, and the remaining $3,033.19 was paid under temporary order, pursuant to another provision thereof.

Under Ohio law, the tax rate may vary depending upon the nature of actual succession to the decedent's estate. Where such succession is subject to conditions or contingencies a tax is imposed at the highest rate possible under any resolution thereof. If succession as ultimately determined warrants a lower tax, a refund may be made of the excess. Ohio Rev. Code Ann. sec. 5731.28 (Page 1954).

The payment under temporary order was of the foregoing nature. It was not, however, a mere deposit, which is provided for elsewhere by State statute. Ohio Rev. Code Ann. sec. 5731.30 (Page 1954).

Respondent has determined that no part of the amount paid under temporary order qualifies for the credit against the basic estate tax as set forth in section 813 (b) of the Internal Revenue Code of 1939.[3] We believe that determination erroneous.

---

[3] SEC. 813. CREDITS AGAINST TAX.

(b) ESTATE, SUCCESSION, LEGACY, AND INHERITANCE TAXES.—The tax imposed by section 810 or 860 shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, or any possession of the United States, in respect of any property included in the gross estate (not including any such taxes paid with respect to the estate of a person other than the decedent). The credit allowed by this subsection shall not exceed 80 per centum of the tax imposed by section 810 or 860 (before deducting from such tax the credits provided by section 813 (a) (1) and (2)), and shall include only such taxes as were actually paid and credit therefor claimed within four years after the filing of the return required by section 821 or 864, except that—

(1) If a petition for redetermination of a deficiency has been filed with The Tax Court of the United States within the time prescribed in section 871, then within such four-year period or before the expiration of 60 days after the decision of The Tax Court becomes final.

(2) If, under section 822 (a) (2) or section 871 (h), an extension of time has been granted for payment of the tax shown on the return, or of a deficiency, then within such four-year period or before the date of the expiration of the period of the extension. Refund based on the credit may (despite the provisions of sections 910 to 912, inclusive), be made if claim therefor is filed within the period above provided. Any such refund shall be made without interest.

Respondent's argument, based upon the possibility of a refund in the future, is unsound. A refund of any tax paid is always possible, at least until barred by an applicable period of limitation. A tax paid may have to be refunded in whole or in part for any one of an infinite variety of reasons. To deny the credit claimed here simply because a future refund is possible is to judicially repeal section 813 (b).

Furthermore, Congress has recognized the possibility of such refunds and has made express provision therefor. Sec. 874 (b) (3), I. R. C. 1939.[4] The normal period of limitation will not bar respondent from collecting any additional estate tax due as a result of the refund of a part of the amount paid under temporary order.

We have in the past denied a contention virtually identical to that which respondent makes here. *Estate of Pamphila H. Phillips*, 36 B. T. A. 1102. We see no material distinction between that case and this with respect to the credit under section 813 (b), and can find no reason to depart from the rule there expressed.

In *Edward C. Moore, Jr., et al., Executors*, 21 B. T. A. 279, cited by respondent, we denied a credit for a mere deposit, and further denied the credit for a tax paid where it was not shown to have been paid in respect of property included in the decedent's gross estate. As we read the stipulation of facts in the instant proceeding, the amount in question was in fact paid and not merely deposited, and was paid in respect of property included in the gross estate. Thus the *Moore* case is not in point. We conclude that respondent erred in respect of this issue.

*Decision will be entered under Rule 50.*

---

[4] SEC. 874. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.
(b) EXCEPTIONS.—

    \*        \*        \*        \*        \*        \*

    (3) RECOVERY OF TAXES CLAIMED AS CREDIT.—If any tax claimed as a credit under section 813 (b) or (c) or section 936 (c) is recovered from any foreign country, any State, any Territory or possession of the United States, or the District of Columbia, the executor, or any other person or persons recovering such amount, shall give notice of such recovery to the Secretary at such time and in such manner as may be required by regulations prescribed by him, and the Secretary shall redetermine the amount of the tax under this chapter and the amount, if any, of the tax due upon such redetermination, shall be paid by the executor or such person or persons, as the case may be, upon notice and demand.