Joseph **THOMAS**, Executor of the Estate of Allen L. Weisberger, Deceased,

and

The National City Bank of Cleveland, Trustee U/W of Allen L. Weisberger, Deceased, Plaintiffs,

v.

The **UNITED STATES** of America, Defendant.

Civ. No. 36444.

United States District Court
N. D. Ohio, E. D.

June 22, 1962.

Wm. T. Walker and John M. Glenn, Buckingham, Doolittle & Burroughs, Akron, Ohio, for plaintiffs.

Russell E. Ake, U. S. Atty., Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

This suit for tax refund is decided upon the parties' agreed stipulation of facts. The plaintiffs are the executor under the will of Allen L. Weisberger and the trustee of a testamentary trust created by the decedent in that will. Allen Weisberger died testate in Akron, Ohio, on November 13, 1952. He is survived by his wife and two sons. After making two minor bequests, the decedent provided in his will that the residue of his estate should be placed in trusts. Trust No. 1 was to be primarily for the benefit of the widow and over which she was given a testamentary power of appointment, and Trust No. 2, primarily for the benefit of the sons. The will contained a provision that any home occupied by the decedent and his wife at the time of his death should be placed in Trust No. 1. It further provided that the widow should receive for life the income from both trusts, but with the proviso that the trustee in its uncontrolled discretion could, after a son attained eighteen years of age, disburse to him such amounts as would reasonably provide for his maintenance and education. The executor filed an estate tax return in February of 1954, and paid the amount shown to be due on the return. Upon audit, a deficiency of $33,-151.25 was determined, primarily by reason of the disallowance of a claimed marital deduction of the value of the assets in Trust No. 1. A petition for redetermination was filed in the Tax Court. The result of that proceeding

was a decision for the Government, from which the estate did not appeal. Estate of Weisberger v. Commissioner, 29 T.C. 217. The Court held that Trust No. 1 did not qualify for the marital deduction under Section 812(e) (1) (F) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(e) (1) (F), because of the Trustee's power to pay income to the sons.

On September 2, 1958, the Technical Amendments Act of 1958 became law. Section 93 of that Act amended Section 812(e) (1) (F) of the 1939 Code retroactively by providing that a "specific portion" of an interest in property could qualify for the marital deduction. Section 93(b) provided that estates of decedents who died before the enactment of the statute should have one year from the effective date of the Act to file a claim for refund. The present plaintiffs then filed such a claim asserting that the home was a "specific portion" of Trust No. 1 in which the wife had the sole income interest, and was therefore deductible under the amended statute. At the time the claim was filed, the Trustee had sold the home and the proceeds of the sale had been placed in Trust No. 1. The claim for refund was disallowed and this action was commenced.

The Government has not contested plaintiffs' assertion that the home is a "specific portion" of Trust No. 1. Rather they contend that the wife is not entitled for life to all of the income from the residence property. Plaintiffs, on the other hand, have not contested the determination of the Tax Court that the non-residential property composing Trust No. 1 does not qualify for the marital deduction because of the trustee's power to disburse income to the sons. Plaintiffs contend, however, that the residential property differs from the other property comprising Trust No. 1 because plaintiffs contend that the wife is entitled for life to the entire income from the residence, in the form of residence rights or of interest from the proceeds of sale, and that there is no ability on the part of the trustee to allocate such income to the sons.

To determine the issues, it is necessary to examine the relevant provisions of the will.

"Item II: All the rest and residue of the property * * * I give, devise and bequeath as follows:

"(a) Said property shall vest in trust * * *.

"(b) Upon receipt of the principal of the estate the same shall if possible be divided into two parts. One thereof will hereinafter for convenience be referred to as Trust No. 1 (sic) is intended for the ultimate benefit of my wife * * * and among other assets it shall include any property occupied by us as a home at the time of my decease. The other primarily for the benefit of my two sons which for convenience will be hereafter referred to as Trust No. 2 shall include the remainder of said property * * *.

"(d) Quarter-annually, or oftener, during her lifetime my said wife shall receive the entire net income of both of said trusts except that either of my sons who shall have attained the age of eighteen years shall be entitled to receive so much out of the income as in the uncontrolled discretion of the trustee will, together with other income available to said son, reasonably provide for the maintenance and education of said son * * *.

"(f) None of the provisions for the benefit of either my sons or their heirs-at-law shall in anywise interfere with the provisions herein contained for the benefit of my wife, and with respect to her the Trustee shall have the further additional powers and obligations. Any home occupied by us for that purpose at the time of my death may be retained by the Trustee and the use of it permitted to my surviving widow during her lifetime and at her request the Trustee shall upon such terms as it may deem justified sell any such home property and reinvest not more than the proceeds thereof

in another property suitable for her occupancy.

"Item III: In the administration, management and control of the Trust Estate my Trustee shall have full power:

"(a) * * * to retain by way of investment any property or securities coming to it from my estate, * * * and in the absolute discretion of the Trustee * * * to sell and convert into money * * * any portion or all of said Trust Estate and property, * * *."

Plaintiffs must show that for her entire life the wife will have all the income from this home property. (Section 812 (e) (1) (F), Internal Revenue Code of 1939, as amended by Section 93 of the Technical Amendments Act of 1958.) Thus, they must show not only that the trustee cannot use the income from the residence for the benefit of the sons, but also that if the residence is sold the interest from proceeds cannot be used for the benefit of the sons.

Testator specified that the home was to be part of the corpus of Trust No. 1. Except for the section of the will providing that the trustee may retain this home for the wife, and must purchase her another home of not more than the value of the first if she so directs, there is nothing in the will that in any way differentiates between the devisee's rights in the home property or the proceeds from the sale thereof, and the remaining property in Trust No. 1. While it is true that no more is to be invested in another residence than is realized from the sale of the existing one, this provision cannot be said by itself to give the wife a *permanently* greater interest in the home than in the other property. If any interest is created it exists only for the length of time that a home for the wife is in fact owned by the trust. There is no provision in the will which allows or requires the trustee to handle the proceeds from a sale of the home in any different manner than the other funds of Trust No. 1 if they are not in fact used to purchase another home.

Therefore, because no special interest is created in the proceeds of a sale of the home by the provisions for the management of the trust, unless the wife is given a special interest in the home and the proceeds from its sale because of her residence rights, her legal interests and rights in the home property are no different from her legal interests and rights in the remaining corpus of Trust No. 1.

To show that the wife has a separate legal interest in the home property which enables her to prevent the sons' receiving any income therefrom during her life, plaintiffs have attempted to show that the wife has a life estate in the home property. To support this contention plaintiffs have cited a number of Ohio cases to the effect that if a person is given the use of property for life he has a life estate in the property and if the property is sold he continues to have a life estate in the proceeds. Plaintiffs cite Schwartz v. Gehring, 7 Ohio Cir.Ct. Rep. 426 (1892) in support of this proposition. In that case the bequest was to the devisee "to be used by her during her natural lifetime." They further cite Whiting v. Jeffords, 14 Ohio Dec. 11 (1903). The bequest there provided that the property was "to be held and enjoyed by each of them * * * during their natural lives, and at their death, to pass to their children or descendants." Plaintiffs also cite Dukes v. Dukes, 4 Ohio Cir.Ct. Rep. 507 (1890) where the bequest said, "I give and devise * * * the house and lot * * * during her natural life * * *." In addition, plaintiffs cite Kiester v. Kiester, 3 Ohio Opinions 2d 481, 144 N.E.2d 336 (1957) in which the bequest provided, "I give * * * to my beloved wife * * * the real estate where [she] now reside[s] * * * to be used and enjoyed by my said wife during the period of her natural life. It is my intention * * * that my said wife shall have the use and enjoyment thereof and income therefrom while she shall live." It is evident that in all of these cases the testators had specifically devised an interest in the property for

the entire lifetime of the recipients. Whether Mrs. Weisberger has all the income from a specific portion of the trust estate for the duration of her life, thus enabling the estate to qualify for the marital deduction, is the question that must be decided in this case.

The will of Allen L. Weisberger provides only that the residence "may be retained by the Trustee and the use of it permitted (to the wife) during her lifetime * * *." The trustee may retain the residence, but there is nothing requiring him to do so.[1]

The wife can, as in fact has been the case, direct the sale of the property without requesting the purchase of another, in which case, the residence being a part of the trust and no other provisions having been made in the will, the proceeds must be added to the general corpus of Trust No. 1.

The possibility of a termination of residence ownership when combined with the possibility of the proceeds' being commingled with the other property constituting the corpus of Trust No. 1 is inconsistent with the idea that the wife has a special life estate in the residence property greater than her interest in the remainder of the Trust, particularly when there are no provisions providing specifically for different rights or liabilities to arise in regard to these proceeds than from other property in Trust No. 1.

The language used by the testator that the residence, "may be retained by the trustee and the use of it permitted (to the wife) during her lifetime * * *" is analogous to that used in Loose v. Loose, Seneca County, 30 Ohio Opinions 333, 16 Ohio Supp. 29 (1945.) There a grandmother had given the devisee, "a privilege of residence on my lands and in my home until such time as she is disposed to vacate same." This language was held to create a tenancy at will and not a life estate. While every

case must be determined upon the particular language involved, Loose v. Loose indicates that Ohio courts have recognized that a devised right of residence in property, capable of lasting for life, does not necessarily create a life estate.

Because no provision is made for different or separate management of the proceeds from a sale of the home than for other property in Trust No. 1, and because Ohio has recognized that the possibility of a life residence does not necessarily create a life estate, we conclude that the wife does not have a life estate in the home property.

It should be added that even if the wife had desired to retain the home for her life, she was not empowered to force such retention. The provisions of the will permitting retention of the home property and requiring the purchase of another home upon the wife's request must be read in conjunction with Item III(a) of the will providing that the trustee has the power to sell any of the trust property at any time. These provisions, when read together, indicate that the widow could not prevent the sale of the home if in his "absolute discretion" the trustee decided that such a sale would be in the best interests of the trust estate. The permissive phrase, however, is not nugatory. It gives the trustee the power to retain the home, even though it is a part of trust property. Without such express authorization it might not have had such power under Ohio laws at the time the will was drafted. (Ohio General Code, § 10506–41, 1952 Supp., and 40 Ohio Jur., Trusts, Sec. 150.)

Because she has no different interest in the proceeds of a sale of the home, created by the provisions of the will relating to the management of the trust, than in other trust property, and no life estate in the home property, there is nothing which can prevent the trustee's disbursing income from the resi-

---

1. The will, using permissive language, provides that the home "may be retained" by the trustee; it nowhere commands that it "shall be retained." Testator knew how to impose a mandatory duty when he wished, because he provided that upon the wife's request the trustee, "shall * * * sell the home property."

613

dence or from the proceeds of a sale of the residence for one son's benefit. The home is thus like the other property comprising Trust No. 1, and not eligible for the marital deduction.

The case having been determined upon this basis, there is no need to determine the effect of the prior litigation in the Tax Court upon the rights of the parties.