317 F.2d 519
 63-2 USTC P 12,150
 Joseph THOMAS, Executor of the Estate of Allen L.
Weisberger, Deceased, and The National City Bank
of Cleveland, Trustee U/W of Allen L.
Weisberger, Deceased,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 15139.
 United States Court of Appeals Sixth Circuit.
 May 27, 1963.
 
 William T. Walker, Akron, Ohio, for appellants (Gillum H. Doolittle, John M. Glenn, Buckingham, Doolittle & Burroughs, Akron, Ohio, on the brief).
 Benjamin M. Parker, Dept. of Justice, Washington, D.C., for appellee (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D.C., Merle M. McCurdy, U.S. Atty., Cleveland, Ohio, on the brief).
 Before MILLER and WEICK, Circuit Judges, and McALLISTER, Senior circuit judge.
 PER CURIAM.
 
 
 1
 The question involved in this case is whether the Estate of Allen L. Weisberger, Deceased, is entitled to the marital deduction allowable for Federal Estate Tax purposes under Section 812(e)(I)(F) of the Internal Revenue Code of 1939, as amended by Section 93 of the Technical Amendments Act of 1958, with respect to the residence occupied by the decedent and his wife at the time of his death, and the use of which by the surviving widow during her lifetime was permitted under a trust created by decedent's will.
 
 
 2
 The decedent died November 13, 1952. Under the statute, prior to the 1958 amendment, one of the conditions for the allowance of the marital deduction was that under the terms of the trust the surviving spouse must be entitled for life to all the income from the corpus of the trust. In February 1954 the Executor filed an estate tax return claiming the marital deduction with respect to the trust property. The deduction was disallowed. On a petition for redetermination of the deficiency assessment, the ruling was upheld by the Tax Court on the ground that under the provisions of the trust the Trustee, under certain circumstances, had the power to pay some of the income from the trust to the decedent's sons. Estate of Weisberger v. Commissioner, 29 T.C. 217.
 
 
 3
 The Technical Amendments Act of 1958, retroactive to estates of decedents dying after April 1, 1948, changed the requirement that the surviving spouse must be entitled for life to all the income from the corpus of the trust, and allowed a marital deduction if the surviving spouse was entitled for life to all the income from a 'specific portion' of the entire interest in the trust.
 
 
 4
 In the trust here under consideration, there were other assets in addition to the residence. The taxpayer contended that the residence was a 'specific portion' of the entire interest in the trust, and that the widow was entitled for life to all the income from that specific portion, thus qualifying that 'specific portion' for the marital deduction under the 1958 amendment. Proceeding on that theory the taxpayer timely filed in the District Court the present action for a tax refund. The District Judge dismissed the action.
 
 
 5
 In order to recover the taxpayer must establish (1) that the residence was a 'specific portion' of the trust estate within the meaning of the amendment, and (2) if so, the widow was unconditionally entitled for life to all the income from such 'specific portion.'
 
 
 6
 The District Judge stated in his opinion that the Government was not contesting taxpayer's contention that the residence was a 'specific portion' of the trust estate, but nevertheless ruled for the Government on the ground that the widow was not unconditionally entitled for life to all the income from the residential property. It appears from the Government's brief that the District Judge may have been in error in assuming that the Government accepted taxpayer's contention that the residence was a 'specific portion' of the trust estate, as its brief in this Court covers this issue thoroughly and strongly urges that the residential property did not constitute a 'specific portion' of the trust estate. However, if the Government is successful in its other contention, as it was in the District Court, it becomes unnecessary to consider this further contention that the residential property was not a 'specific portion' of the trust estate.
 
 
 7
 Whether in this case the widow acquired such an unconditional life interest in the residential property depends upon the construction to be given to the provisions of the will of the decedent under which the residence was placed in trust with certain beneficial rights therein to the widow. In making his ruling the District Judge pointed out that under certain circumstances the residence could be sold by the Trustee, as has been done in this case since the death of the decedent, and the right of the widow to use the residence was thus terminated. When sold, the income, or a portion thereof, from the proceeds of the sale was thus made available, if necessary, taking into consideration other income available to the decedent's sons, for payment for the maintenance and education of the sons, in the uncontrolled discretion of the Trustee, although no such payment had actually been made by the Trustee. Accordingly, since the widow did not acquire an unconditional right for life to all of the income from the proceeds of the sale, the claimed deduction was denied.
 
 
 8
 The applicable provisions of the will and the reasons of the District Judge in giving it such a construction are stated in the opinion of the District Judge, reported at Thomas v. United States, 207 F.Supp. 609, N.D.Ohio, to which reference is made. We concur in the ruling and the reasons given therefor by the District Judge.
 
 
 9
 The judgment is affirmed.