ESTATE OF JEROME MITTLEMAN, DECEASED, HENRIETTA MITTLEMAN, IRVING B. YOCHELSON and SOLOMON GROSSBERG, EXECUTORS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Mittleman v. Commissioner
Docket No. 2340-70.
United States Tax Court
T.C. Memo 1973-112; 1973 Tax Ct. Memo LEXIS 175; 32 T.C.M. (CCH) 501; T.C.M. (RIA) 73112; May 21, 1973, Filed Werner Strupp, for the petitioners. *176 Robert S. Erickson and Shepherd S. Neville, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION
DAWSON, Judge: Respondent determined an estate tax deficiency against the Estate of Jerome Mittleman in the amount of $54,632.30. Although the petition filed herein seeks a redetermination of the estate tax liability determined in the notice of deficiency on several grounds, the only issue now in controversy concerns the allowability of the marital deduction under section 2056, Internal Revenue Code of 1954. [1] All other issues have been resolved by agreement of the parties and will be given effect in the Rule 50 computation. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Only those facts that are necessary for the disposition of the remaining issue are set forth below. Jerome Mittleman died on October 13, 1965. His last will and testament was admitted to probate in the United States District Court for the District of Columbia. Henrietta Mittleman, Solomon Grossberg, *177 and Irving B. Yochelson were named as executors of the estate. The ninth paragraph of the will of Jerome Mittleman provides as follows: NINTH: I give, devise and bequeath all of the rest, residue and remainder of my property and estate of every nature whatsoever, that I may own or have any interest in at the time of my death, to my hereinafter named Trustees and their successors, in trust nevertheless, for the following purposes: a. To provide for the proper support, maintenance, welfare and comfort of my beloved wife, HENRIETTA MITTLEMAN, for her entire lifetime. b. To invade the corpus of the trust estate from time to time in the sole and exclusive discretion of the Trustees and to use all or any portion of the said corpus for the proper support, maintenance and welfare of my wife, HENRIETTA MITTLEMAN. c. Upon the death of my said wife, HENRIETTA MITTLEMAN, the balance of the trust estate created under this article is to be paid or turned over to such person or persons or corporation or corporations as my said wife may by will appoint. If the power of appointment is for any reason not validly exercised by my said wife in whole or in part, then upon her death such *178 portion or all of the principal of the trust or such interests or estates therein as shall not have been validly appointed by her shall be paid or turned over to my son, STEPHEN MITTLEMAN, but if my son, STEPHEN MITTLEMAN, does not survive my wife, such portion shall be paid or turned over to the blood or adopted children, if any, of my son, STEPHEN MITTLEMAN, in equal shares, per stirpes. d. The Trustees and successor Trustees shall have all of the powers granted in the Eleventh Article hereinafter. Jerome Mittleman was advised by his attorneys that his will gave his estate the benefit of the marital deduction; this was his wish. Jerome Mittleman's primary concern in this matter was to provide for his wife's future well-being and to insure that she would be free from want, as much as possible.
In the course of administration of the trust established in the decedent's will, substantially all of the income, and to some extent its principal, have been distributed to Mrs. Mittleman upon her request. The estate filed its Federal estate tax return on February 13, 1967, claiming a marital deduction on schedule M of $171,232.38. This deduction was disallowed by respondent on *179 the ground that the pertinent provisions of the will did not qualify under section 2056. Notwithstanding the intentions of the decedent and his attorneys, the will bequeathed only a nondeductible terminable interest to his surviving spouse. OPINION Section 2056(a) of the Code provides for a deduction from the gross estate of a decedent for the value of any interest in property which passes or has passed from the decedent to his surviving spouse. However, section 2056(b) (1) bars such a decution for any interest that is a "terminable interest," as defined therein. In general terms, a terminable interest in property is an interest which will terminate or fail on the lapse of time or on the occurrence or the failure to occur of some contingency. Section 20.2056(b)-1(b), Estate Tax Regs.; S. Rept. No. 1013, 80th Cong., 2d Sess. 7-15 (1948). A life estate is a classic example of a terminable interest. The two types of terminable interests that are specifcally made nondeductible are described in subparagraphs (A), (B), and (C) of subsection 2056(b) (1). In section 2056(b) (5) there appears an exception to the bar against deductibility of terminable interests. The exception *180 relates to life estates coupled with a general power of appointment. The requirements of this exception are enumerated in section 20.2056(b)-5(a), Estate Tax Regs., as follows: (1) The surviving spouse must be entitled for life to all of the income from the entire interest or specific portion of the entire interest, or to a specific portion of all the income from the entire interest. (2) The income payable to the surviving spouse must be payable annually or at more frequent intervals. (3) The surviving spouse must have the power to appoint the entire interest or the specific portion to either herself or her estate. (4) The power in the surviving spouse must be exercisable by her alone and (whether exercisable by will or during life) must be exercisable in all events. (5) The entire interest or the specific portion must not be subject to a power in any other person to appoint any part to any person other than the surviving spouse. Focusing on the first two requirements of the regulation, and comparing them with the language of the ninth paragraph of the decedent's will, it is apparent that the bequest in issue constitutes a nondeductible terminable interest falling outside *181 the safe harbor provided by section 2056(b) (5). According to the plain terms of the will provision, the wife is entitled to support and maintenance for her remaining life, not to "all of the income" from the residue of the estate. Nor is she entitled to the income "annually or at more frequent intervals." We cannot agree with petitioners that the wife had such command over the income that it was virtually hers. See section 20.2056(b)-5(f), Estate Tax Regs. If the trust's income exceeded that which was sufficient for her "support, maintenance, welfare and comfort," she would have no right to receive the excess income. In such event, the power to invade corpus lodged in subparagraph b of the ninth paragraph would not come into play. It is unnecessary for us to discuss an alternative ground for disallowing the deduction (i.e., that the wife had no general power to appoint the interest to herself or her estate). It is sufficient for us to reiterate that a taxpayer must bring himself squarely within the marital decuction statute or suffer the consequence. Estate of Allen Weisberger, 29 T.C. 217 (1957). Wishful thinking is not enough. [2]
*182 To reflect the agreements reached by the parties on most issues and our conclusion on the disputed one, Decision will be entered under Rule 50. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The record herein shows that the decedent wanted to qualify and was assured by his attorneys that he did qualify. Similar evidence appeared in the recent case of the Estate of James S. Todd, Jr., 57 T.C. 288↩ (1971). In that case, however, the intention to qualify not only appeared in the will itself but did so in such a way as to force the trustees to comply, that is, to pay over income at least annually.