Dana A. **HINCKLEY** and Adelaide
Hinckley, Petitioners,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

No. 19258.

United States Court of Appeals
Eighth Circuit.

April 16, 1969.

Rehearing Denied May 20, 1969.

Dana A. Hinckley, pro se.

Ann E. Belanger, Atty., Dept. of Justice, Washington, D. C., for respondent; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., were with her on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and HEANEY, Circuit Judges.

MEHAFFY, Circuit Judge.

Dana A. Hinckley, the taxpayer, petitions this court, pursuant to 26 U.S.C.A. § 7482, for review of a decision of the Tax Court of the United States reflecting his tax liability for the year 1962.[1] In that year the taxpayer sold certain of his assets consisting of printing equipment, minor tools, supplies, and the land and building where the "Claremont News" was located. The Commissioner determined a deficiency in income tax of $128.42 for the year 1962 and the taxpayer claimed an overpayment of $852.99 of income tax for the same year. Subsequently, the Commissioner allowed certain claims of taxpayer, hereinafter discussed, reducing the amount of the unpaid tax to $113.84. The Tax Court, in its memorandum findings of fact and opinion not officially reported, sustained the Commissioner's determination with an ultimate finding that the taxpayer failed to sustain his burden of proof to show that the Commissioner's determination was in error. We affirm.

The taxpayer sold most of the assets of his printing business located in Claremont, Minnesota to Leslie M. Taylor in July, 1962. These assets included a building in which the business was located and certain equipment, tools and supplies. Taxpayer sold the property on a conditional sales contract for a total price of $12,440.20 representing a consideration of $1,000.00 for the real property and $11,440.20 for the equipment enumerated in the contract. Under the terms of the contract Taylor was to make a down payment of $2,740.20 and was to pay the remainder of the purchase price in monthly installments of $183.06 over a five-year period with interest at 5% per annum on the unpaid balance.

Taxpayer's original return for 1962 was prepared by Farmers Credit Company, which had prepared his returns in prior years, and showed the cost or other basis of the assets sold to be $8,942.08. The depreciation allowed on the property to the date of sale was shown to have been $4,569.76, leaving an adjusted basis of $4,372.32. This adjusted basis subtracted from the sale price (in round figures, $12,440.00) left a net long term capital gain of $8,067.68. The taxpayer elected to recognize the gain on the installment method pursuant to 26 U.S.C.A. § 453, and reported a long term capital gain for that year of $2,251.88. The taxpayer was later allowed $1,645.00 additional on the cost or other basis of a linotype machine over what taxpayer had originally claimed upon his furnishing the revenue agent a contract showing that he had paid $5,245.50 for the machine. This allowed an increase in the total cost basis of the property sold from $8,942.08 to $10,587.08. The total adjusted basis (cost less depreciation taken) was thus increased from $4,372.32 to $6,017.32.

Thereafter, taxpayer filed an amended return and claimed a loss on the sale of the assets amounting to $10,217.23. He arrived at this figure by having a printing machine salesman estimate the cost of replacing the business property, which replacement cost he estimated would be $24,228.01. Taxpayer then subtracted

---

1. Adelaide Hinckley is a party solely by reason of having filed a joint return with her husband Dana A. Hinckley, for the taxable year in issue.

from the estimated replacement cost $1,570.78 worth of stock and equipment not sold to Taylor, and arrived at a figure of $22,657.23, which he contends represents the cost basis of the property sold. By subtracting the sale price of $12,400.00 from the estimated replacement value, taxpayer contends that he sustained a loss on the transaction amounting to $10,217.23.

Before further discussion, we call attention to settled legal circumscriptions applicable to this court in reviewing a case of this kind from the Tax Court: (1) the correctness of the Commissioner's determination must be presumed; (2) the taxpayer must, apart from fraud, carry the burden of proof; and (3) the clearly erroneous rule is applicable in Tax Court cases. These principles were enunciated by this court in Hamm v. C. I. R., 325 F.2d 934, 937 (8th Cir. 1963):

> "A presumption of correctness attends the Commissioner's deficiency determination and, apart from fraud, the taxpayers have the burden of showing it to be incorrect. (Citing cases.) The clearly erroneous standard applies to findings made by the Tax Court. (Citing cases.)"

See also Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933); Zeeman v. United States, 395 F.2d 861, 866 (2nd Cir. 1968); Webb v. C. I. R., 394 F.2d 366 (5th Cir. 1968); Wisconsin Cheeseman, Inc. v. United States, 388 F.2d 420, 423 (7th Cir. 1968);

Anson v. C. I. R., 328 F.2d 703, 706 (10th Cir. 1964).

We note also that this case was submitted to the Tax Court under Rule 30 of the Tax Court's Rules of Practice pursuant to a joint motion filed with the Tax Court.[2] This rule allows a case to be submitted at any time by notice of the parties filed with the court, as for example where the facts have been stipulated.

The evidence in this case consists of a stipulation of facts with attached exhibits, a supplemental stipulation of facts with attached exhibits, and a second supplemental stipulation of facts with attached exhibits, which accompanied the parties' joint motion to submit under Rule 30.

Since there is no question as to the amount realized from the sale, which is evidenced by the bill of sale, the only real issue is the determination of the proper cost basis.

In determining a gain or loss, § 1001(a) of the Internal Revenue Code of 1954 (26 U.S.C.A. § 1001(a)) provides:

> "(a) Computation of gain or loss.— The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized."

In determining the cost basis of property, § 1012 provides:

> "The basis of property shall be the cost of such property, except as otherwise provided in this subchapter and subchapters C * * * K * * *

2. The pertinent provisions of Rule 30 are as follows:

"Rule 30. Submission without trial or appearance—(a) Submission of cases without trial where facts are uncontested. Any case not requiring a trial for the submission of evidence (as, for example, where sufficient facts have been admitted, stipulated, established by deposition, or included in the record in some other way) may be submitted at any time by notice of the parties filed with the Court. The parties need not wait for the case to be calendared and need not appear in person. The Chief Judge will then assign the case to a Division for report, which Division, upon request of the parties, will fix a time for filing briefs or for oral argument."

and P (relating to capital gains and losses) * * *." [3]

With regard to the adjusted basis, § 1011 of the Code provides:

"The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis (determined under section 1012 or other applicable sections * * * and P (relating to capital gains and losses)), adjusted as provided in section 1016."

 Taxpayer, by claiming a loss, is obligated to prove that the adjusted basis of the assets sold is an amount in excess of the sale price. The taxpayer here erroneously arrived at his cost basis by an estimated replacement cost determined by a printing machine salesman at the date of the sale, but this is not the test. The statutes provide that the basis for the property sold is its cost, not the replacement value of such property, and we find no authority in the law or any justification for using such an approach here.

The original plant, i. e., machinery and equipment, of the Claremont News was acquired by taxpayer from his father in 1912. The record is in conflict as to what, if anything, was paid for the property, but we find the resolution of this question is not material to the outcome of this case. The equipment originally acquired had long since worn out and had been replaced, and according to the depreciation schedule contained in taxpayer's original 1962 return the equipment owned at the date of sale was purchased in 1956 and 1958.

 The lot is shown on the depreciation schedule to have been acquired in 1940 at a cost of $50.00, and the building is shown on the schedule to have been fully depreciated by 1962, and it is so stipulated. Taxpayer takes issue with this and claims that he made some additions and improvements for which he never received any credit on his income tax. If this is the case, the items of improvement should have been listed on taxpayer's depreciation schedule and depreciated over the estimated life. Even if taxpayer did not claim his annual depreciation, however, the depreciation basis is reduced by the amount "allowable" each year despite the fact that he received no tax benefit because of his failure to claim the depreciation deduction he would have been allowed. Congress has elected to make the year the unit of taxation, Burnet v. Sanford & Brooks Co., 282 U.S. 359, 365–366, 51 S.Ct. 150, 75 L.Ed. 383 (1931), and thus the amount "allowable" must be taken each year. United States v. Ludey, 274 U.S. 295, 304, 47 S.Ct. 608, 71 L.Ed. 1054 (1927). In *Ludey*, the Court held that if in any year taxpayer has failed to claim or has been denied the amount to which he was entitled, rectification of the error must be sought through a review of the action of the Bureau for that year. See also Virginian Hotel Corp. of Lynchburg v. Helvering, 319 U.S. 523, 525–526, 63 S.Ct. 1260, 87 L. Ed. 1561 (1943).

The proper basis for the property here which had not been fully depreciated is its cost less depreciation. (See 26 U.S. C.A. § 1012, quoted *supra,* and §§ 1015 and 1053, quoted *infra* in note 4.) In computing the capital gain for the sale of the property, the gain is the excess in amount realized over the adjusted basis and the loss is the excess of the adjusted basis over the amount realized. The taxpayer is mistaken in thinking that he can lawfully utilize the replacement value as his cost basis in computing the gain or loss for income tax purposes in this situation.

 Even if taxpayer received a part of the assets from his father in 1912 as a gift, the applicable statute would be § 1015(c) of the Code which provides that if the property was acquired by gift on or before December 31, 1920 the basis shall be the fair market value of

3. Subchapter P, which relates to capital gains and losses, is compiled as 26 U.S.C.A. §§ 1221–1250.

such property at the time of such acquisition, or § 1053 which provides that if the basis of property acquired prior to March 1, 1913 is less than the fair market value as of that date, the basis shall be the value on March 1, 1913.[4] There is simply no proof of any fair market value in 1912.

Since the taxpayer has the burden of proof of establishing the cost of the assets sold and has failed to show by record evidence that the costs were any greater than those reported on his original return, we are bound by the stipulations he executed. It would appear that taxpayer is laboring under misapprehension not only as to the law but as to the action of the Commissioner in some particulars. For example, the agent allowed the additional cost on an item when taxpayer furnished a bill of sale showing a cost for a linotype machine in excess of that originally reported. Additionally, taxpayer's election to report this sale on the installment plan is not contested. Taxpayer was not, as he thinks, assessed taxes for the entire sale but only for the year 1962. From what we glean from the original records, the Internal Revenue Service was as helpful and considerate of taxpayer as possible, but was compelled to assess a deficiency based on the original return and the facts stipulated by taxpayer, taxpayer having failed to prove that he sustained a loss and was entitled to a refund.

The opinion of the Tax Court is affirmed.

4. 26 U.S.C.A. § 1015(c) provides:
"(c) Gift or transfer in trust before January 1, 1921.—If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition."
26 U.S.C.A. § 1053 provides:
"§ 1053. Property acquired before March 1, 1913.
"In the case of property acquired before March 1, 1913, if the basis otherwise

determined under this subtitle, adjusted (for the period before March 1, 1913) as provided in Section 1016, is less than the fair market value of the property as of March 1, 1913, then the basis for determining gain shall be such fair market value. In determining the fair market value of stock in a corporation as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date."