**Vincent M. COOMES,
Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.**

No. 77–1024.

United States Court of Appeals,
Sixth Circuit.

March 14, 1978.

Vincent Michael Coomes, pro se.

Myron C. Baum, Acting Asst. Atty. Gen., Gilbert E. Andrews, Richard W. Perkins, Marilyn E. Brookens, Tax Div., Dept. of Justice, Washington, D. C., Meade Whitaker, I. R. S., Washington, D. C., Charles L. Saunders, Washington, D. C., for respondent-appellee.

Before PECK, LIVELY and KEITH, Circuit Judges.

## ORDER

This appeal is before a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Petitioner brings this appeal from an order of the Tax Court denying his motion for reconsideration of an earlier order denying his motion to vacate or revise the court's decision dismissing his action for lack of prosecution.

Petitioner, who identifies himself as a director of the Universal Christian Church (UCC), a Kentucky corporation, was assessed with a notice of deficiency for the years 1971 and 1972 in the amounts of $949.67 and $2455.99, respectively. The IRS indicated that the deficiencies were the result of improper deductions for travel expenses and contributions allegedly relating to petitioner's church duties.

On February 2, 1976, a subpoena duces tecum was served on petitioner calling for him to produce the church's by-laws, books and financial records at trial on February 9, 1976. Petitioner initially refused to comply out of a conviction that the subpoena violated the constitutional separation of church and state, and when the case was called for trial, he again refused to comply. Consequently, an order of dismissal and decision was entered on March 2, 1976 by the Tax Court.

Cases abound in which the First Amendment right to free exercise of religion has been held to not be absolute, and indirect and incidental burdens thereon were found to be constitutionally proper. See, e. g., *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); *Gillette v. United States,* 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971); *King's Garden, Inc. v. FCC,* 162 U.S.App.D.C. 100, 498 F.2d 51, cert. den., 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed.2d 269 (1974).

It is established that the Commissioner's determination of deficiencies is presumed to be correct and the taxpayer has the burden of showing it to be otherwise. *Helvering v. Taylor,* 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623 (1935); *Hinckley v. Commissioner,* 410 F.2d 937, 939 (8th Cir. 1969). Petitioner's refusal to comply with the subpoe-

na duces tecum left the Tax Court with nothing before it in furtherance of his burden of proof for his contention; in that event the court properly premised its decision on the taxpayer's total failure to show error, *Welch v. Helvering*, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933).

For all of the foregoing, the judgment of the Tax Court is affirmed pursuant to Rule 9(b)3, Rules of the Sixth Circuit.