VINCENT M. COOMES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Coomes v. Commissioner
Docket No. 9686-76.
United States Tax Court
T.C. Memo 1978-302; 1978 Tax Ct. Memo LEXIS 212; 37 T.C.M. (CCH) 1262; T.C.M. (RIA) 78302; August 2, 1978, Filed *212 Respondent disallowed, for lack of substantiation, certain deductions claimed by petitioner on his 1973 and 1974 Federal income tax returns. Petitioner was served with a subpoena duces tecum calling for him to produce at the trial of this case certain by-laws and financial records of the Universal Christian Church, Inc., the organization to which the contributions were allegedly made and of which petitioner was allegedly a director. Petitioner appeared when the case was called for trial, but he refused to comply with the subpoena duces tecum as ordered by the Court. Held, petitioner's failure to obey the Court's order directing him to comply with the subpoena duces tecum leaves the record barren of evidence on which the Court may find that he is entitled to deductions for charitable contributions as allowed by section 170(a), I.R.C. 1954. Respondent's oral motion to dismiss for failure to properly prosecute will be granted. Vincent M. Coomes, pro se. Robert E. Touchton, for the respondent. BRUCE MEMORANDUM OPINION BRUCE, Judge: Respondent determined deficiencies in petitioner's Federal income tax for the calendar years 1973 and 1974 in the respective amounts of $ 1,621.73 and $ 33.00. This case is currently before the Court on respondent's oral motion to dismiss for failure to properly prosecute. The notice of deficiency indicates that the deficiencies result from the disallowance of certain charitable contribution deductions which petitioner failed to substantiate. In his amended petition to this Court, filed December 9, 1976, petitioner alleged that the disallowed deductions *214 "consist of donations to the Universal Christian Church, Inc., an establishment of a religious nature exempt from filing with the Commissioner of the Internal Revenue Service." On September 19, 1977, petitioner was served, in his capacity as director of the Universal Christian Church, Inc., with a subpoena duces tecum calling for him to produce certain church by-laws and financial records at trial scheduled for October 3, 1977. Petitioner appeared at trial on October 3, 1977, but he refused to comply with the subpoena as ordered by the Court on grounds, generally, that he was not required to do so "under the constitutional guarantees and the First Amendment to the Constitution." At that point the Court entertained respondent's oral motion to dismiss the case for failure to properly prosecute. That motion was orally granted, and the case was orally ordered dismissed for want of prosecution and for failure to obey the orders of the Court. Thereupon petitioner orally moved the Court to reconsider its order of dismissal because he was currently prosecuting an appeal, in the United States Court of Appeals for the Sixth Circuit, from an order of dismissal on similar grounds in another *215 case in relation to income tax deficiencies for prior years. After due consideration, petitioner's motion for reconsideration was orally granted, the Court's oral order of dismissal was vacated and set aside, and respondent's oral motion to dismiss was taken under advisement to await action by the United States Court of Appeals for the Sixth Circuit in Coomes v. Commissioner, No. 2733-75, United States Tax Court, appeal docketed, No. 77-1024 (6 Cir., September 17, 1976). On March 14, 1978, the Court of Appeals entered an order in the above-cited case affirming the judgment of the Tax Court denying petitioner's motion for reconsideration of an earlier order denying his motion to vacate or revise the Court's decision dismissing his action for lack of prosecution. Coomes v. Commissioner,572 F. 2d 554 (6 Cir. 1978). [1] The order states in part, at 554-555, as follows: Cases abound in which the First Amendment right to free exercise of religion has been held to not be absolute, and indirect and incidental burdens thereon were found to be constitutionally proper. See, e.g., Johnson v. Robinson,415 U.S. 361, 94 S.Ct. 1160, 39 L. Ed. 2d 389 (1974); *216 Gillette v. United States,401 U.S. 437, 91 S. Ct. 828, 28 L. Ed 2d 168 (1971); King's Garden, Inc. v. FCC,162 U.S. App. D.C. 100, 498 F. 2d 51, cert. den., 419 U.S. 996, 95 S. Ct. 309, 42 L. Ed 2d 269 (1974). It is established that the Commissioner's determination of deficiencies is presumed to be correct and the taxpayer has the burden of showing it to be otherwise. Helvering v. Taylor,293 U.S. 507, 515, 55 S. Ct. 287, 79 L. Ed. 623 (1935); n Hickley v. Commissioner,410 F. 2d 937, 939 (8th Cir. 1969). Petitioner's refusal to comply with the subpoena duces tecum left the Tax Court with nothing before it in furtherance of his burden of proof for his contention; in that event the court properly premised its decision on the taxpayer's total failure to show error, Welch v. Helvering,290 U.S. 111, 54 S. Ct. 8, 78 L. Ed. 212 (1933). *217 Similarly, in this case, petitioner's refusal to comply with the subpoena duces tecum, be that noncompliance in his capacity as petitioner or as a director of the Universal Christian Church, Inc., leaves the record barren of any evidence on which we can find that he made "charitable constributions" for which he is entitled to deductions in 1973 and 1974. [2] Accordingly, respondent's oral motion to dismiss this case will be granted. An appropriate order will be entered. Footnotes
1. On March 21, 1978, the Court received a letter from petitioner dated March 17, 1978, in which petitioner indicated his desire to "appeal" the decision of United States Court of Appeals for the Sixth Circuit and in which he requested the Court to further delay action in the current case until such time as that "appeal" had been decided. To date, however, the Court has not been advised that petitioner has timely petitioned the Supreme Court for a writ of certiorari. It appearing, therefore, that the decision of the Court of Appeals for the Sixth Circuit has become final, we conclude that disposal of the current case is timely.↩
2. Section 170(c), Internal Revenue Code of 1954, as amended, defines the term "charitable contribution" for which a deduction is allowed under section 170(a)↩.