COLUMBUS W. and MARGARET R. HENSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Henson v. Commissioner
Docket Nos. 6273-77, 6274-77, 12233-77.
United States Tax Court
T.C. Memo 1979-110; 1979 Tax Ct. Memo LEXIS 413; 38 T.C.M. (CCH) 510; T.C.M. (RIA) 79110; March 27, 1979, Filed *413 Three years are in issue: 1973, 1974 and 1975. During all of these years, petitioner-husband, Columbus, was a truck driver whose job kept him away from home overnight. Columbus had a uniform for his job, but was not required to use it, either by his employer or by the conditions of his work. Also during the years in question, petitioners regularly attended church, but kept no contribution record, because of certain religious beliefs. Columbus had a daughter by a prior marriage. During divorce proceedings which ended that marriage in 1973, temporary custody of the daughter was given to Columbus' parents, to whom he gave money for the daughter's care. Under the property settlement in the divorce, Columbus retained a mobile home which he unsuccessfully used as rental property in 1973. In 1974, petitioners' house was totally destroyed by a fire in which many of their tax records were destroyed. Fortunately, petitioners were insured. On their tax returns for 1973, 1974 and 1975, petitioners claimed many deductions relative to the above facts. Respondent totally or partially disallowed all of these deductions. Held, business travel expenses were not substantiated; heldfurther, *414 expenses for uniform and related items were not ordinary and necessary business expenses; heldfurther, respondent's allowance for contributions in 1973 and 1974 will be sustained and equally extended to 1975; heldfurther, showing of dependency was not properly made for 1973; heldfurther, payments and property transfers by petitioners are not alimony; heldfurther, petitioners failed to substantiate rental loss with readily available records; heldfurther, no casualty loss was proven; heldfurther, on the evidence presented, petitioners are not allowed sales tax deduction in excess of optional tables. Columbus W. Henson, pro se. W. Robert Pope, Jr., for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the years 1973, 1974 and 1975 of $2,380.36, $2,791.92, and $935.18, respectively. [1] The deficiencies of 1973 and 1974 were set out in respondent's statutory notice dated March 22, 1977, and the deficiency of 1975 was set out in respondent's statutory notice dated September 13, 1977. Although respondent has made some concessions, [2] *416 many issues remain for our decision in these consolidated *415 cases. Still in dispute are (1) whether petitioners, Columbus and Margaret Henson, have adequate substantiation of business travel expenses incurred away from home for 1973, 1974 or 1975; (2) whether petitioners have adequate substantiation of business expenses for uniforms, laundry and related supplies for 1973, 1974 or 1975; (3) whether petitioners should be allowed charitable contribution deductions in excess of respondent's determinations for 1973, 1974, or 1975; (4) whether petitioners are entitled to a dependency exemption for 1973; (5) whether certain payments and property transfers deducted by petitioners in 1973 were alimony to the former wife of petitioner Columbus; (6) whether petitioners have adequate substantiation of a claimed rental loss in 1973; (7) whether petitioners are entitled to a casualty loss deduction for 1974; and (8) whether petitioners are entitled to a sales tax deduction for 1975 in excess of respondent's determination. Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto are incorporated herein by this reference and are set forth below, either generally or with respect to the specific issue relative thereto. Petitioners, Columbus W. and Margaret R. Henson, resided at Morristown, Tennessee, during the years in question and when the petitions herein were filed. They timely filed joint Federal income tax returns for taxable years 1973, 1974 and 1975 with the Internal Revenue Service Center, Memphis, Tennessee. The common thread running through most of the issues in this case is the inadequacy of the records of Columbus and Margaret, which is the result of either a mere failure to record, petitioners' religious beliefs, or a fire which destroyed the home of the petitioners in 1974. Nevertheless, the notice of deficiency issued bythe Commissioner is presumed correct. To show otherwise, the taxpayer has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. *417 In prior cases, too numerous to list here, upon finding the taxpayer to be candid and forthright, we have chosen to follow the rule of approximating a figure for an allowable deduction if reasonable evidence is presented, while bearing heavily upon the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner,39 F. 2d 540 (2d Cir., 1930). In the present case, we find the testimony of Columbus to be reliable and will apply the rule in Cohan when possible. However, while still applicable in some situations, the Cohan alternative is impossible to apply in some instances and has been specifically eliminated in the case of certain business deductions by section 274(d). [3] H. Rept. No. 1447, 87h Cong., 2d Sess. (1962), 1962-3 C.B. 405, 427; S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741. Issue I - Travel Expenses
Throughout the years in question, Columbus was an "over-the-road" truck driver, making numerous long trips during the year. These trips required Columbus to be away from home for long periods of time, invariably *418 including layovers for sleep and meals, and were recorded by Columbus on log books noting only the day, time and destination of each trip. Columbus has testified that his employer paid for lodging, but that meal expense was out of his own pocket. The deductibility of that meal expense is in dispute. Section 162(a) allows taxpayers to deduct ordinary and necessary business expenses of a taxable year, including travel expenses incurred while away from home in pursuit of a trade or business. Columbus was in a situation which made such deductions available to him. See, United States v. Correll,389 U.S. 299 (1967); Williams v. Patterson,286 F. 2d 333 (C.A. 5, 1961). However, in addition to the requirements of section 162(a)(2), section 274 requires substantiation of such expenses by records or other corroborating evidence. Section 274(d); section 1.274-5(c)(2), Income Tax Regs. Without such evidence, section 274 prohibits, not only deduction of unsupported amounts, but also approximation of reasonable amounts under Cohan.Sanford v. Commissioner,50 T.C. 823 (1968), affirmed per curiam 412 F. 2d 201 (2d Cir., 1969), certiorari denied 396 U.S. 841 (1969); Ashby v. Commissioner,50 T.C. 409 (1968). *419 The log books of Columbus present a record of the trips but not of the expenses incurred during those trips. Further, the presentation of a menu from a restaurant frequented by Columbus is of no consequence, since we are unable to use the Cohan rule. Therefore, we must sustain respondent on this issue for all taxable years examined here. Issue II - Uniforms, Laundry and Related Supplies
As a driver for a trucking company, Columbus did have a uniform. However, this uniform was supplied by the company, at no charge, as a safety award. Although Columbus was encouraged to wear the uniform, he was not required to do so and usually wore his own personal clothing while driving. Clearly, the uniform furnished Columbus was not a requirement of his employment and, thus, the care of it was not a necessary business expense deductible under section 162(a). Further, the expense and supplies to maintain the clothes worn by Columbus when he did not wear the uniform are also not deductible under section 162(a), since such clothes were adaptable to uses beyond the specific needs of his occupation. We sustain respondent on this issue for all taxable years examined here. Issue III - Charitable *420 Contributions
During 1973, 1974 and 1975, Columbus and Margaret attended and contributed to the Missionary Baptist Church in Morristown, Tennessee, as regularly as the schedule of Columbus would permit. However, the only purported record of contributions which Columbus presented to the Court is a 1975 calendar with certain numbers penciled on certain Sundays of each month. Columbus and Margaret do not make contributions by check, nor do they keep any other record of their contributions, claiming that such a practice would be against their religious beliefs. Respondent has determined charitable contributions of $156.00 ( $3 per week) for both 1973 and 1974, disallowing the balance of petitioners' claimed contributions for the years 1973 and 1974 and all of petitioners' claimed amount of $1,200.00 for 1975. Generally, a contribution to or for the use of a religious organization, such as petitioners' church, is a deductible sum. Section 170(c). However, such a contribution must be substantiated in some way. Section 170(a)(1); section 1.170 A-1 (a)(2)(i) and (iii), Income Tax Regs. Where such substantiation is lacking, as in the present case, we may find that something was given *421 and approximate an allowable sum for deduction. Cf. Cohan v. Commissioner,supra.For the years 1973 and 1974, we conclude that respondent has already made a reasonable approximation and therefore sustain his determination for those years. However, for 1975 we feel that some allowance should also be made and find in our best judgment that petitioner contributed an average of $3.00 per week, a total of $156.00, for 1975. [4] *422 Issue IV - Dependency Exemption
Columbus had a daughter, Sharon, by a prior marriage. During the divorce proceedings, which ended this prior marriage in 1973, temporary custody of Sharon was awarded to Columbus' parents from November 1972 to mid-July 1973. Records of the court which handled the divorce show that Columbus paid $875.00 in child support in 1973. Columbus also had cancelled checks totalling $575.00 which he gave to his parents while they cared for Sharon. However, Columbus was *423 unable to produce records or even estimate the amounts which might have been spent by his parents or by his former wife for Sharon's support in 1973. Section 152(e) provides a special dependency test for children of divorced parents. Generally, the custodial parent is allowed to claim the child as a dependent, unless the other parent contributes over $1,200.00 for the support of the child and the custodial parent cannot show that he provided more. Section 152(e)(2). However, we do not reach this test, for Columbus is unable to show that over half of Sharon's support was provided by Columbus and his former wife, as required by section 152(e)(1)(A), nor can Columbus show that either he or his former wife was in custody of Sharon for over half of the calendar year, as required by section 152(e)(1)(B). Hopkins v. Commissioner,55 T.C. 538 (1970). Therefore, we must hold for respondent on this issue. Issue V - Alimony
Columbus and his former wife reached a property settlement agreement which was incorporated into the final decree of divorce entered July 10, 1973. By the agreement, the former wife was to receive certain personal property and a lump sum of $1,000.00 in weekly payments *424 of $50.00 from Columbus. The final decree further ordered Columbus to pay his former wife's attorney fees of $750.00. Columbus claimed a deduction in 1973 for alimony in the amount of $4,253,00, including the $1,000.00 sum and the value of personal property awarded in the property settlement, as well as $823.00 for his former wife's attorney fees. Respondent disallowed the entire deduction. Payment of a lump sum in installments over a period of ten years or less is not considered sufficiently periodic to qualify for deduction as alimony by the husband. Sections 71(c), 215, Internal Revenue Code of 1954. Further, the portion of property in a property settlement awarded to the former wife, whether in money or property, [5] *425 is not a fulfillment of a support obligation, but a division of property ownership and is thus not to receive treatment as alimony. Lambros v. Commissioner,459 F. 2d 69 (6th Cir., 1972), affirming T.C. Memo 1971-135. Finally, payment of attorney fees for a former wife's representation in a divorce proceeding also is not to be treated as alimony. Rose v. Commissioner,459 F. 2d 28 (6th Cir., 1972), affirming T.C. Memo 1971-147. Therefore, we must sustain respondent on this issue. Issue VI - Rental Loss
Under the property agreement between Columbus and his former wife, Columbus retained possession of a mobile home. During part of 1973, Columbus rented this mobile home as a residence, collecting $900.00 in gross rent, which petitioners reported on their 1973 joint return. Relative to this rent, petitioners claimed, on their 1973 return, deductions of $480.00 depreciation and $1,209.00 in additional expenses including taxes, insurance, repairs and rent for the space where the home was parked. [6] *426 Respondent allowed the depreciation figure, but disallowed the entire amount of other expenses. Once again we are faced with the inadequacy of petitioners' records. We are also presented with another opportunity to apply the Cohan rule; however, here we will not. While petitioners' records in this situation may have been destroyed, duplicates, or at least other evidence upon which a reasonable approximation could be based, could have easily been obtained by petitioners, but were not. If a copy of county tax records, a copy of the insurance agent's file or similar documents had been made available to this Court, a reasonable approximation of petitioners' related rental expenses would have been possible. However, absent the support of such evidence or more specific testimony, we will not base our finding of a deduction solely on the figures entered on petitioners' tax return. Cf. Halle v. Commissioner,7 T.C. 245 (1946), affd. 175 F. 2d 500 (2d Cir., 1949), certiorari denied 338 U.S. 949 (1950); Watab Paper Co. v. Commissioner,27 B.T.A. 488 (1932). Therefore, we must hold for respondent on this *427 issue. [7]
Issue VII - Casualty Loss
In 1974, petitioners' house and personal property within the house were totally destroyed by fire. Petitioners' cost basis in the house was $26,500.00. Columbus testified that he had made improvements to the house, but presented no estimates or evidence relative to the existence or cost of those improvements. There was no evidence presented as to the basis of the personal property within the destroyed house. However, it was mentioned that that property included an extensive collection of work tools, and a valuable piano, as well as the usual furniture and appliances. Nothing was salvageable. Replacement values net of depreciation were established by the insurance adjuster as $39,500.00 for the house and related structures and $26,925.14 for personal property. We find these values to be fair and reasonable and adopt them as the fair value of the properties immediately prior to the fire. Petitioners were reimbursed the maximum policy amounts of $38,500.00 for the house *428 and related structures and $17,500.00 for personal property, in addition to $1,200.00 for additional living expenses due to the fire, for a total reimbursement of $57,200.00. On their 1974 tax return, petitioners claimed a loss of $62,316.81, which was reduced by a claimed $55,000.00 insurance reimbursement and the $100.00 floor imposed by section 165(c)(3), resulting in a claimed casualty loss deduction of $7,216.81. Respondent disallowed the entire deduction. The loss incurred by petitioners is deductible by them, but only to the extent that such loss, unreimbursed by insurance or otherwise, exceeds $100.00. Sections 165(a) and (c)(3). The amount of the loss is the difference between the fair market values immediately before and after the fire, however, not to exceed the adjusted basis of the property. Section 1.165-7(b), Income Tax Regs.; Helvering v. Owens,305 U.S. 468 (1939); Lamphere v. Commissioner,70 T.C. 391 (1978); Millsap v. Commissioner,46 T.C. 751 (1966), affirmed on other issues, 387 F. 2d 420 (8th Cir., 1968). As already found above, the established basis in petitioners' house was $26,500.00. Therefore, the loss relative to section 165(c)(3) is limited to *429 $26,500.00, although the value lost was $39,500.00. In relation to the basis of petitioners in the personal property lost, no evidence is presented. Although the insurance company settled for the maximum policy amount ($17,500.00), petitioners' basis may have been greater, given the conservative value estimate of the insurance adjuster. However, even under the Cohan rule, we cannot find that petitioners' basis was greater than $17,500.00, in light of the record before us. Millsap v. Commissioner,supra.
Therefore, petitioners' total loss established here is $44,000.00, which was reimbursed in the sum of $56,000.00. [8] As a result, no deductible loss was incurred. [9] *430 We hold for respondent on this issue. Issue VIII - Sales Tax
On their 1975 Federal income tax return, petitioners claimed a state sales tax deduction of $738.95, consisting of $299.99 from respondent's Optional Sales Tax Tables, $252.38 on the purchase of a pick-up truck, $99.27 on the purchase of household furniture, and $87.31 on the purchase of building materials. Petitioners made large purchases of furniture and building materials to replace the house and furnishings lost in the 1974 fire. Respondent disallowed the deduction only as to the amounts for the purchases of furniture and building materials. Petitioners have offered no documentary evidence of sales taxes paid in 1975. However, "* * * sales taxes by their nature are impossible to establish with precision." [10] Sometimes they must be estimated by the Cohan rule. See Marx v. Commissioner,13 T.C. 1099 (1949). Respondent has supplied the necessary approximation of sales tax on ordinary expenditures on Optional State Sales Tax Tables which accompany Form 1040. Respondent agrees that sales taxes on extraordinary *431 purchases, such as an automobile, may be deducted in addition to the table amount, but will not allow additional deductions for sales taxes on purchases of lesser items, such as furniture. Nevertheless, petitioners' purchases of furniture were arguably extraordinary and the sales taxes on such purchases might have been considered as allowable additions to the average amounts in respondent's tables, if petitioners had supplied much more evidence specifically detailing the purchases made in refurnishing their destroyed home. They did not. Without such evidence we are unable to find such purchases extraordinary and we cannot begin to estimate an allowable sum under the Cohan rule. Further, without similar evidence with respect to the building materials, we likewise cannot determine whether petitioners are entitled to the deduction of sales taxes on the purchase of the materials, much less estimate any sum relevant thereto. Section 164(b)(2)(A) and (5). We therefore find for respondent on this issue. To reflect the foregoing, Decision will be entered for the respondent in docket No. 6274-77
Decisions will be entered under Rule 155 in docket Nos. 6273-77 and 12233-77.
Footnotes
1. Docket No. 6274-77 deals with 1973; 6273-77 with 1974; and 12233-77 with 1975. Respondent also determined an addition to tax of $46.76 under section 6653(a), Internal Revenue Code of 1954↩, for 1975. 2. Respondent has conceded the addition to tax for 1975 and the dependency exemption for 1974. Therefore, a computation under Rule 155 may be necessary for docket No. 6273-77.
3. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in question, unless otherwise noted.↩
4. Although petitioners' failure to keep records of their contributions is based on religious beliefs, our decision here does not interfere with those beliefs. The charitable contribution deduction exists, not by right, but by legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). To take advantage of that grace, taxpayers must qualify under certain rules and regulations imposed either directly or indirectly by Congress. Cf. Deputy v. duPont,308 U.S. 488 (1940). "The taxpayer may not haggle with Congress; he either fits squarely within the statute in every particular or the deduction is unavailable." Estate of Weisberger v. Commissioner,29 T.C. 217, 220 (1957). By choosing, in accordance with their religious beliefs, not to keep records of their contributions to the church, petitioners merely chose not to qualify for the charitable contribution deduction. Thereafter, petitioners could have used the standard deduction or "zero bracket amount"on their tax returns or could have itemized their deductions without including a charitable contribution deduction. Section 63(b) through (g). Being thus presented with these reasonable alternatives, petitioners were neither coerced into acting contrary to their religious beliefs, nor punished for adhering to those beliefs. Accord, Coomes v. Commissioner,572 F. 2d 554, 554-555 (C.A. 6, 1978), affirming an unreported Order of this Court, certiorari denied 439 U.S.     (October 2, 1978)↩.
5. We do not deal with the question of whether a taxable event occurred when the property agreement was executed, since neither party raised the issue or presented any evidence of property values or bases relative thereto.
6. Columbus testified that he sold the mobile home, without further rental, in 1974. Thus, no further rental income or expenses existed beyond 1973. Although Columbus testified that a loss was incurred by the sale, this purported loss was not claimed on petitioners' 1974 tax return. Further, respondent makes no contention of a gain on the sale of the home and neither party presented evidence relative to this point. Therefore, the history of the mobile home beyond 1973 is not before us, and will not be dealt with here.
7. Respondent's correlative increase of petitioners' sales tax deduction for 1973 from the supplied tables, which are related to adjusted gross income, will thus stand as correct.↩
8. Insurance proceeds reimbursing living expenses incurred due to the destruction or damage of an individual's home are excluded from gross income by section 123. Further, such proceeds are not reimbursement for a casualty loss and do not reduce the amount of loss deductible under section 165↩. Thus, $1,200.00 has been excluded from the insurance reimbursement figure. 9. Whether any gain was recognized with respect to the insurance proceeds received was not addressed by either party. Therefore, we do not express any opinion on this question.
10. Arditto v. Commissioner,T.C. Memo 1971-210, 30 T.C. Memo 866, 869, 40 P-H T.C. Memo 71-905↩, 71-909.