VINCENT MICHAEL COOMES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coomes v. Commissioner
Docket No. 11020-80.
United States Tax Court
T.C. Memo 1981-363; 1981 Tax Ct. Memo LEXIS 378; 42 T.C.M. (CCH) 394; T.C.M. (RIA) 81363; July 14, 1981
*378 Vincent M. Coomes, pro se. Scott R. Cox, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $ 1,286 in petitioner's Federal income tax for the year 1976 and an addition to tax under section 6653(a) [1] in the amounts of $ 64. This is the third time the petitioner has been before this Court. The first case was dismissed by order for lack of prosecution and a decision for the years 1971 and 1972 was entered against the petitioner. That decision was affirmed in Coomes v. Commissioner, 572 F.2d 554 (6th Cir. 1978), where the Court of Appeals said at pages 554 and 555: Cases abound in which the First Amendment right to free exercise of religion has been held to not be absolute, and indirect and incidental burdens thereon were found to be constitutionally proper. See, e.g., Johnson v. Robison, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971); *379 King's Garden, Inc. v. FCC, 162 U.S.App.D.C. 100, 498 F.2d 51, cert. den., 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed.2d 269 (1974). It is established that the Commissioner's determination of deficiencies is presumed to be correct and the taxpayer has the burden of showing it to be otherwise. Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623 (1935); Hinckley v. Commissioner, 410 F.2d 937, 939 (8th Cir. 1969). Petitioner's refusal to comply with the subpoena duces tecum left the Tax Court with nothing before it in furtherance of his burden of proof for his contention; in that event the court properly premised its decision on the taxpayer's total failure to show error, Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933). The second case was also dismissed for failure to properly prosecute because the petitioner refused to comply with respondent's subpoena duces tecum which resulted in a failure to prove error in the notice of deficiency with respect to the years 1973 and 1974. See Coomes v. Commissioner, T.C. Memo. 1978-302. Here again we are confronted with *380 the same situation. Petitioner, in his capacity as Pastor, Presiding Bishop and Chairman, Board of Trustees of the Universal Christian Church, Inc. of Louisville, Kentucky, refused to present certain church records, documents and financial data at the trial of this case which was scheduled for June 15, 1981. Petitioner appeared at trial but refused to comply with the subpoena for the same reasons advanced in the prior cases. [2]
In the absence of adequate records, the respondent determined in his notice of deficiency dated April 14, 1980, that the petitioner had additional taxable income of $ 5,059 for the year 1976 and he disallowed a deduction for contributions in the amount of $ 1,488. A standard deduction of $ 1,700 was allowed. An addition to tax of $ 64 *381 under section 6653(a) was determined because of negligence or intentional disregard of rules and regulations. The petitioner's refusal to comply with the subpoena duces tecum, either in his capacity as petitioner in this case or as the key officer of the Universal Christian Church, Inc., leaves the record without any evidence for showing error in respondent's determination. Accordingly, the oral motion of respondent to dismiss this case for failure to properly prosecute will be granted. An appropriate order of dismissal and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩
2. It appears that there is presently pending in the United States District Court for the Western District of Kentucky the case of United States of America, and Michael R. Murphy, Internal Revenue Agent, Plaintiffs v. Universal Christian Church and Vincent M. Coomes, Pastor, Defendants, Civil Action No. C80-0213-L(A), involving the enforcement of an administrative summons for the taxable years 1976, 1977 and 1978.↩