JAMES W. HILBURN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hilburn v. Commissioner
Docket No. 11138-80.
United States Tax Court
T.C. Memo 1981-737; 1981 Tax Ct. Memo LEXIS 2; 43 T.C.M. (CCH) 226; T.C.M. (RIA) 81737; December 31, 1981. James W. Hilburn, pro se. Robert W. West, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax under sections 6653(a) [1] and 6651(a)(1) for the calendar years 1975 and 1976 in the following amounts: *3 Calendar
Deficiency in
Additions to Tax, I.R.C. 1954
Year
Income Tax
Sec.6653(a)
Sec. 6651(a)(1)
1975
$ 6,224.07
$ 311.20
$ 1,556.02
1976
8,601.59
430.08
2,150.40
The issues for decision are (1) whether the income petitioner received during the years 1975 and 1976 is exempt from tax as income of a church and (2) whether petitioner is liable for the additions to tax under sections 6653(a) and 6651(a)(1). FINDINGS OF FACT Petitioner, who resided in Pinson, Alabama, at the time of the filing of the petition in this case, is an ordained minister of the Revival Crusade for Christ Church. Petitioner mailed to the Internal Revenue Service Center, Atlanta, Georgia, Forms 1040 showing his name and address. Attached to these Forms 1040 were numerous documents consisting of copies of certain Federal statutes, newspaper and magazine articles, letters, and amendments to the Constitution. The Form 1040 for neither of the years in issue was signed and, except for showing petitioner's name and address, had no other space filled in except with the word "Object." One of the Forms 1040 was received at the Internal Revenue Service Center on August 26, 1977, and *4 the other was received on September 14, 1977. The Internal Revenue Service did not accept the documents as returns. During each of the years here in issue, petitioner was self-employed as a stone construction contractor. The following statement shows the gross receipts, costs of operations, business expenses, and net earnings of petitioner from his self-employment during the years 1975 and 1976: 1975
1976
Gross receipts
$ 26,166.66 $ 27,418.15 Cost of Operations
(6,132.68)
(2,339.87)
Licenses
(55.00)
(22.50)
Net earnings
$ 19,978.98 $ 25,055.78 Respondent, in his notice of deficiency, computed petitioner's income tax on the basis of his net earnings from his self-employment, allowing in each year one personal exemption of $ 750 and the standard deduction. Respondent determined that petitioner was liable for a 25 percent addition to tax under section 6651(a)(1) for each of the years here in issue for failure to file a timely return. Respondent further determined that a part of petitioner's underpayment of tax in each of these years was due to negligence or intentional disregard of rules and regulations and therefore he determined that *5 petitioner was liable for the 5 percent addition to tax provided for by section 6653(a). OPINION Although petitioner in the attachments to the Forms 1040 he filed claimed various constitutional grounds for failure to disclose his income on these forms and as justification for owing no Federal income tax, at the trial he stated that the only point he was pressing was that under the First Amendment to the Constitution he should be considered as a church. He argued that since all of the income he received was used "for the caring of the Ministry of Jesus Christ," he owed no tax. Subsequent to the trial, petitioner filed a document entitled "Summary of Argument" in which he in substance argues that since "a Church is TaxExempt" and "the Bible * * * is the authority of what a Church really is," the issue to be decided in this case is what the church is and whether petitioner is part of the church. As best we can gather, petitioner's argument is in effect that he, himself, is a church and as such should be exempt from taxation. Section 501(c) lists the organizations exempt from tax. The section under which certain churches are exempt is section 501(c)(3) which *6 includes among organizations exempt from income tax "corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes * * *." Clearly, petitioner, himself, is an individual. Therefore, even though petitioner's religious belief may be that he personally is a church, he is not a religious organization exempt from taxation under section 501(c)(3) or any other provision of the Internal Revenue Code. Petitioner argues that to exempt certain churches from taxation and not to exempt him from taxation as a church is a violation of the First Amendment to the Constitution. Petitioner states that it also violates his rights under the First Amendment to require him to disclose how his earnings which were used in his church work were expended. It is well settled that no organization and therefore, obviously, no individual is entitled to exemption as a church unless it meets the requirements of section 501(c) and supplies the information to show that it does meet these requirements. General Conference of the Free Church of America v. Commissioner, 71 T.C. 920 (1979). *7 As we pointed out in that case at page 930-- We believe that the right of an organization to declare what information is or is not relevant in a determination of its tax-exempt status is decidedly beyond the pale of the First Amendment's guarantee of freedom of religion. It is well settled that the First Amendment right to free exercise of religion is not absolute and that indirect and incidental burdens thereon are constitutionally proper. Johnson v. Robison, 415 U.S. 361 (1974); Gillette v. United States, 401 U.S. 437 (1971); Coomes v. Commissioner, 572 F.2d 554 (6th Cir. 1978), affg. an unpublished order of this Court. We therefore conclude that petitioner has failed to establish that he is exempt from taxation as a church. The documents submitted by petitioner to the Internal Revenue Service are not returns. They disclose no information from which respondent could compute the proper amount of petitioner's tax and are unsigned. We therefore sustain respondent's determination of the addition to tax under section 6651(a)(1). See Cupp v. Commissioner, 65 T.C. 68 (1975) affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). *8 Petitioner has offered no evidence to show error in respondent's determination of the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. Therefore petitioner has failed to carry his burden of proving that respondent erred in his determination of the addition to tax under section 6653(a). Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩