842 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie L. CURTIS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 87-1694.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the tax court's dismissal of his tax protest suit for failure to prosecute. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a pretrial status report, petitioner alleged that he was unable to prepare his case because prison officials would not permit him to receive the thirty-six boxes containing his tax records. His request for "legal furlough" to review the records at his home was denied. The tax court advised petitioner to arrange for the delivery of his records in quantities that the prison officials would allow.
 
 
 3
 One month prior to trial, petitioner advised the court that he had not yet prepared for trial due to the limit on the materials he could receive. He also claimed that he had attained "community custody level" which allowed him to prepare for and to attend civil actions unescorted. When petitioner failed to appear at the scheduled trial, respondent moved to dismiss for failure to prosecute. The motion was granted.
 
 
 4
 On appeal, petitioner asserts that the tax court abused its discretion by dismissing his tax protest suit. He argues that he could not prepare for trial because prison policy did not permit him to receive his complete set of records. He asserts that he did not appear at trial because the tax court failed to issue a writ of habeas corpus ad testificandum.
 
 
 5
 Upon review, we conclude that the tax court did not abuse its discretion. See Coomes v. Commissioner, 572 F.2d 554 (6th Cir.), cert. denied, 439 U.S. 854 (1978). It appears from the record that petitioner's failure to prepare for trial resulted from his refusal to arrange for receiving and reviewing his documents in quantities consistent with prison policy. Furthermore, petitioner did not request a writ of habeas corpus ad testificandum. See 28 U.S.C. Sec. 2242. Contrary to petitioner's arguments, his status as a prisoner does not put the court on notice that a writ is required when, as here, petitioner advised the court one month prior to trial that he was permitted to attend civil cases unescorted.
 
 
 6
 Accordingly, the tax court's dismissal and decision of deficiency entered March 2, 1987, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.