EMANUEL H. BRONNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4016–77.    Filed May 21, 1979.

*Peter R. Stromer* and *Norma R. Bell,* for the petitioner.
*M. K. Mortensen,* for the respondent.

OPINION

DRENNEN, *Judge:* Respondent determined deficiencies in petitioner's income tax and additions to tax as follows:

---

| Taxable year ending | Deficiency | Additions to tax under | | |
|---|---|---|---|---|
| | | Sec. 6641(a) | Sec. 6653(a) | Sec. 6654[1] |
| 1971 | $5,888 | $1,571 | $491 | $192 |
| 1972 | 17,551 | 4,403 | 1,245 | 548 |
| 1973 | 200,749 | 10,048 | 10,150 | 6,438 |
| | 224,188 | 16,022 | 11,886 | 7,178 |

The deficiencies result in part from the disallowance of deductions claimed under section 170 for contributions to the All One Faith In One God State Universal Life Church, Inc. (hereinafter All One), on the ground that neither it nor its predecessor are tax exempt. The deficiencies also result in part from respondent's attribution from All One to petitioner of losses incurred on the sale of commodities and of the cost of inventory.

On January 17, 1979, respondent, by subpoena duces tecum served upon petitioner, Emanuel H. Bronner, president of All One Faith In One God State Universal Life Church, Inc., requested that the following documents be produced at the session of the Court scheduled to commence on January 29, 1979, at San Diego, Calif.:

Lists of records of church members of All One Faith In One God State Universal Life Church (All-One) for the calendar years 1971, 1972, 1973 and 1974; minutes and minute books of shareholders and directors meetings and any other minutes or minute books maintained by All-One; any signature cards, statements or correspondence relating to any Mexican bank accounts, savings, checking, or other; bylaws of All-One; any records of inventories kept or maintained in the business operated by Emanual [sic] H. Bronner during the calendar years 1971, 1972, 1973 and 1974; copy of letter of October 25, 1974, from Emanuel H. Bronner to Mr. Lloyd Henry and 1973 California Corporation Franchise Tax return for the year begun September 4, 1973, and ended December 31, 1973.

Petitioner has moved to quash the subpoena on the grounds that it "is overly broad, it seeks irrelevant and privileged materials, and compliance therewith would interfere with constitutional rights including First Amendment rights of freedom of association, free exercise of religion, and privacy in one's associations." Specifically, he challenges the requested disclosure of All One's membership lists compiled and maintained during the calendar years 1971 through 1974 on the

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

ground that the compliance will infringe upon the members' freedom of association.[2] He also argues that those records covered by the subpoena which pertain to the year 1974 are irrelevant and outside our jurisdiction because that year is not one of the taxable years at issue in this case.

Respondent argues that petitioner's assertion of his constitutional rights is without merit under the circumstances. He points out that other than a general statement in his motion, petitioner has made no showing that disclosure of the membership lists will be prejudicial to the members or detrimental or harmful to their First Amendment privilege. He urges that the membership lists are relevant and necessary to a determination of the tax-exempt status of All One. Furthermore, he contends that petitioner has placed the tax-exempt status of All One in issue in the case in chief and therefore should not be permitted to shield evidence relevant to that determination behind an assertion of constitutional privilege.

The tax-exempt status of All One is raised by the notice of deficiency and the pleadings with regard to the deductibility under section 170 of contributions made by petitioner to All One. Petitioner has alleged that All One is tax exempt (i.e., that it is an organization described in section 170(c)(2), which may also involve its status under section 501(c)(3)), and therefore the contributions are deductible. Respondent apparently believes that petitioner has transferred assets used in his trade or business and his capital assets to All One and has used All One as the entity for conducting his business and for buying and selling petitioner's capital assets.

The constitutional challenge asserted by petitioner[3] is not without merit, but we do not find it to be sufficiently meritorious to support his motion to quash under the circumstances.

That the right of freedom of assembly embodied in the First Amendment includes the right of free association and privacy in one's association is clear. And compelled disclosure of one's associations by the Government may constitute or result in a

---

[2]Apparently, petitioner has abandoned his arguments against subpoenaing the other documents and records listed above. His general statement that the subpoena is overly broad is unsupported by factual or legal contention and he does not refer specifically to any of the other items.

[3]Petitioner, as a member of All One, has standing to claim the constitutional privilege and, as president of All One, is entitled to claim the privilege on behalf of All One's members, if it is assumed that All One is a party in interest in this proceeding. *N.A.A.C.P. v. Alabama*, 357 U.S. 449, 458–460 (1958).

significant encroachment of associational freedom. *N.A.A.C.P. v. Alabama*, 357 U.S. 449 (1958); *Bates v. City of Little Rock*, 361 U.S. 516 (1960); *Shelton v. Tucker*, 364 U.S. 479 (1960). But, as said in *Communist Party v. Control Board*, 367 U.S. 1, 91 (1961): "To state that individual liberties may be affected is to establish the condition for, not to arrive at the conclusion of, constitutional decision." It seems clear that, particularly where the Government shows a need for the information, that the party asserting the constitutional privilege must show that disclosure of the information will be prejudicial to those asserting the privilege, such as exposure to public hostility (see *N.A.A.C.P. v. Alabama, supra*), or deterrence of free association (see *Bates v. City of Little Rock, supra*), or denial of anonymity where there is reason therefor (see *Communist Party v. Control Board, supra* at 81).[4] Where such prejudice is shown, there must be a weighing of the respective interests in order to determine whether the information need be disclosed. Compare *N.A.A.C.P. v. Alabama, supra*, with *Communist Party v. Control Board, supra*.

With this background, we turn to the merits of petitioner's motion. Petitioner does not articulate with any degree of specificity how or to what extent disclosure of All One's membership lists to respondent in this case will infringe his or the members' associational right or freedom of religion. There is no indication from petitioner that All One advocates or espouses dissident beliefs or that disclosure of membership therein has in the past or is likely in the future to subject the members to public hostility or harassment, interference, or intrusion by respondent. In fact, petitioner indicated at the hearing that he would call several members of the church to testify as his witnesses. This alone would indicate there is some relevance to the information sought by respondent. The status of All One as a viable organization and as a tax-exempt organization is undoubtedly an issue in this case. Whether there are members in addition to petitioner and his family and, if so, the extent of their relationship with All One, will probably be material and relevant to that issue and respondent should be entitled to interrogate them before trial. As said in *Bates v. City of Little*

---

[4] See *Whalen v. Roe*, 429 U.S. 589, 604 n. 32 (1977), wherein the Court stresses that in the *N.A.A.C.P.* and *Bates v. City of Little Rock*, 361 U.S. 516 (1960), cases, there was an uncontroverted showing of past harm through disclosure and suggests that the presence or absence of that element may be an important factor.

*Rock, supra* at 527: "If the organizations were to claim the exemption which the ordinance grants to charitable endeavors, information as to the specific sources and expenditures of their funds might well be a subject of relevant inquiry."

We also believe the information sought by the subpoena with reference to the year 1974 may also have some relevance to this inquiry.

Accordingly, petitioner's motion to quash the subpoena is denied.[5]

*An appropriate order will be entered.*

---

[5]While a court may quash a subpoena that seeks irrelevant or privileged matter, *United States v. McGrady*, 508 F.2d 13 (8th Cir. 1974), we doubt that this is the most opportune setting in which to test the constitutional issue raised by petitioner. Our conclusion herein will in all likelihood not be appealable. Petitioner's remedy would be to refuse to produce the information when and if directed by the Court to do so and risk being cited for contempt for refusing to do so. See *Ryan v. Commissioner*, 568 F.2d 531 (7th Cir. 1977).