LASZLOW G. STOJALOWSKY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stojalowsky v. Commissioner
Docket No. 24373-81.
United States Tax Court
T.C. Memo 1983-236; 1983 Tax Ct. Memo LEXIS 546; 46 T.C.M. (CCH) 1; T.C.M. (RIA) 83236; May 2, 1983. *546 Chester Kosarek and James D. Tamburro, for the petitioner. Richard J. Sapinski, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: for the calendar year 1979, respondent determined a deficiency in income tax against petitioner in the amount of $2,581.00, together with an addition to tax in the amount of $129.05, under the provisions of section 6653(a). [1] The issues presented are whether petitioner received wages in the calendar year 1979 in the total amount of $14,305.00 which he failed to report as taxable income in that year, and whether such wages, if received, were properly excludable from his income, on the grounds that such amounts were received by him as agent of a church, named the Freedom Church of Revelation, for whom he was acting under an alleged vow of proverty. When the case was called for trial, petitioner did not appear in person, but was represented by counsel. A written stipulation *547 of facts, together with certain joint exhibits, was filed with the Court pursuant to the requirements of Rule 91. Respondent then filed with the Court a copy of a subpoena duces tecum, together with proof of service thereof, showing that on February 9, 1983, petitioner had been served with said subpoena commanding petitioner to appear and testify in this Court on March 21, 1983, at Newark, New Jersey, and further commanding petitioner to bring with him to the Court the following documents: 1. All records (e.g., payroll stubs, forms W-2, employment contracts) concerning the receipt by petitioner (individually or as alleged agent of the "church") of income or wages for services rendered to third-parties in the years 1979 and 1980. 2. All checking account statements, deposit slips and cancelled checks as to each and every checking account maintained in the individual name of the petitioner during any part of the years 1979 and 1980. 3. All checking account statements, deposit slips and cancelled checks drawn by petitioner or any family member of petitioner (including spouse, children, brothers, sisters, parents, in-laws, cousins, etc.) for any accounts maintained during any *548 part of the years 1979 and 1980 in the name of the "church" through which petitioner claims exemption from tax. 4. A copy of the organizational certificate and any other such documents (i.e., articles of incorporation or association) of the "church" through which petitioner claims exemption from tax. 5. A copy of the by-laws of the "church" referred to in Item # 4, above. 6. Records of the members of the "church" referred to in Item # 4, above for the years 1979 and 1980. 7. All minutes and minute books of shareholder, director, trustee or governing board meetings and any other minutes or minute books for the "church" referred to in Item # 4, above. 8. A copy of your job description prior to the date you executed your "vow of poverty" and a copy of your job description subsequent to that date. 9. All contracts or agreements in effect during the taxable years between you and your employer(s) regarding your services. 10. All contracts or agreements in effect during the taxable years 1979 and 1980 between your employer(s) and any church(es) or religious organization(s) regarding your services. Respondent reported that petitioner had failed to comply with *549 said subpoena, urged the Court to find petitioner in default for failure to comply with the Court's process, and moved the Court to enter a decision against petitioner. Petitioner's compliance with the above subpoena duces tecum was limited to the following: 1. The parties stipulated that during 1979 petitioner was employed as a cabinet maker with the firm of J.B. VanSciver Company and received wages in the amount of $14,305, as determined by respondent. The parties also stipulated into evidence the payroll checks issued by J.B. VanSciver Company to petitioner for the year 1979. 2. There was produced at trial a bank statement and cancelled checks covering the month of August, 1979, with respect to a bank account apparently maintained by petitioner in the name of the Universal Life Church. In addition, seven miscellaneous deposit slips apparently relating to this account were produced. There was no other compliance with paragraphs 2 or 3 of the subpoena duces tecum. [2]
3. The parties stipulated (without introducing documents into evidence) that in becoming associated with the Freedom Church of Revelation, petitioner received a letter entitled "Sacramental Authority," *550 a Charter for his local congregation and a Certificate of Ordination similar in all respects to those introduced in evidence before this Court at the trials of Ocejo v. Commissioner,T.C. Memo. 1983-48, and Noberini v. Commissioner,T.C. Memo. 1983-49, with the exception of the name and address of the petitioner and his congregation number and address. There was also stipulated into evidence a document purporting to be a letter of instructions from the Freedom Church of Revelation to petitioner in his capacity as minister of a local congregation of that church. No other documents were produced in compliance with the requirements of paragraph 4. of the subpoena duces tecum. 4. The parties stipulated that during the year 1979, and prior and subsequent thereto, there were no employment contracts in effect regarding the services performed by petitioner for his employer, thus complying with the information called for by paragraphs 9. and 10. of the subpoena. *551 Except for the partial compliance detailed above, petitioner failed to comply with the requirement of the subpoena duces tecum for the production of the other documents called for. As noted above, the issues presented to the Court for decision herein involved, inter alia, the taxable status of the Freedom Church of Revelation, and, more particularly, the taxable status of the local congregation of that church, of which petitioner purported to be the minister; the relationships which existed between petitioner, the Freedom Church of Revelation, and petitioner's alleged local congregation; the income earned by petitioner during the year 1979, the terms under which such income was earned, and the rights, duties, control and authority which were exercised over the income produced by petitioner's services, as between petitioner, the Freedom Church of Revelation and petitioner's local congregation. It is clear to the Court that the documents called for in the subpoena duces tecum were relevant and material to the determination of those issues. It was not represented to the Court that petitioner was not in possession of these documents, and his failure to produce them was unexplained.
*552 A subpoena of the type involved herein, viz., a subpoena duces tecum, is clearly provided for by Rule 147(b) of this Court's Rules of Practice and Procedure. Such a subpoena is issued by the Court upon the request of either party. Its purpose is to insure the attendance and testimony of a witness, and the production of documents in the possession or under the control of such witness, where a party considers that such testimony or documents may be relevant and material in resolving the issues which are presented to the Court for decision. When issued, the subpoena duces tecum becomes the command of the Court that the witness appear and produce the designated documents, and not merely the demand of the party requesting the subpoena. The subpoena is therefore the lawful process of the Court, which it has power to issue and to enforce in order to discharge its obligation to try and decide the case. This Court, like any other court, has the inherent powers to enforce and vindicate its lawful process, and it will do so. See and compare Coomes v. Commissioner,572 F.2d 554 (6th Cir. 1978); Trohimovich v. Commissioner,77 T.C. 252 (1981); United States *553 v. Rylander,     U.S.     (April 19, 1983). In this case, we find that the subpoena was lawfully issued, validly served, was not overly broad, and covered matters which were clearly material and relevant in the resolution of the issues which were presented to us. See Bronner v. Commissioner,72 T.C. 368 (1979). Petitioner's unexplained and unjustified refusal to comply substantially with this subopena was a failure to "proceed as provided by these Rules or as required by the Court" within the meaning of our Rule 123(a). Respondent's motion to enter a default judgment against petitioner was accordingly well taken, and will be granted. An appropriate order and decision will be entered.
Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as in effect in the year in issue; and all references to Rules are to the Rules of Practice and Procedure of the United States Tax Court, except as otherwise noted.↩
2. At issue in the present case was the taxable status of, and petitioner's relationship to, an organization known as the Freedom Church of Revelation. Nothing was presented to the Court which would show any connection between that organization and the Universal Life Church, to which the foregoing documents were apparently related.↩